## 37776. HEARD v. THE STATE.

CLARKE, Justice.
The question is whether this court should grant the motion of defense counsel to withdraw from the case on the grounds that any appeal would be fruitless and in fact wholly frivolous. We grant the motion and affirm the trial court. Anders v. California, 386 U. S. 738

(87 SC 1396, 18 LE2d 493) (1967).

The defendant Heard was tried and convicted of the offense of murder and his appointed counsel has filed his motion to withdraw accompanying it with a brief, a copy of which has been provided to the defendant. In his brief, the trial counsel contends that the only arguable grounds for appeal are the general grounds.

We have thoroughly reviewed the transcript of the evidence and the record in this case and find the jury was authorized to find the following facts. Heard went to the home of the female victim accompanied by the victim and an acquaintance. The three parties had been to an adjoining county for the purpose of buying whiskey and in fact some of them had been drinking since the early morning. As they sat in Heard's pickup truck in the front of the victim's home, they continued their drinking activities. Three other persons had earlier come to the home of the victim and had been admitted to the house by the victim who had then returned to Heard's pickup truck.

No one testified as an eyewitness to the shooting of the victim by Heard; however, four witnesses gave testimony which directly tied Heard to the act. One witness testified he was in Heard's truck asleep when he heard a gunshot. Upon awakening, he saw Heard standing over the body of the victim moving her head with his foot. The three witnesses who were in the house testified they heard the gunshot and upon looking out the window, saw Heard kicking the victim in the head. An expert from the State Crime Laboratory testified that in his opinion the fatal bullet was probably fired from a pistol owned by Heard and which he had carried with him in his truck on the day of the murder. Another State Crime Lab expert testified that the victim had slight injuries about the face and head.

In his own defense, Heard testified that he had no recollection of any shooting and that he did not know of the victim's death until he heard of it while he was in jail some two days later. He also offered the testimony of a forensic psychiatrist who said that because of high blood pressure and diabetes, Heard was suffering from some brain damage. However, the psychiatrist also expressed an opinion that Heard's brain damage had no effect upon his capacity to determine right from wrong and that the brain impairment was mild and related only to a deficit in judgment and memory at times. He said in his opinion Heard was not under the influence of a compulsive delusion.

Upon a review of this evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact was authorized to find Heard guilty of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We have determined that the appeal is wholly frivolous. *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976); *Quarterman v. State,* 244

Ga. 215 (259 SE2d 468) (1979). Accordingly, counsel's motion to withdraw is granted and the judgment is affirmed.

*Motion granted, judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED OCTOBER 21, 1981.

*Floyd W. Keeble, Jr.,* for appellant.

*J. Cleve Miller, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.