## 64609. BARBER v. THE STATE.

BIRDSONG, Judge.

Armed Robbery. Lester Barber was convicted of armed robbery and sentenced to serve eight years. He brings this appeal enumerating two errors. *Held:*

1. In his first enumeration of error, Barber contends the trial court erred in denying his motion for directed verdict of acquittal based upon insufficiency of evidence of guilt.

Viewing the evidence in the light most favorable to the verdict (*Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894)), the jury was warranted in concluding the following: On June 13, 1981, the appellant Barber and two acquaintances, Reginald Brown and Dennis Hammond decided to commit a robbery because they needed money to buy food. Hammond drove Barber and Brown to a point a short distance from a Thoni gasoline service station. Hammond let Barber and Brown out of the car and was observed to drive slowly up and down a nearby street. Barber and Brown walked to the Thoni station and engaged the station attendant briefly in a conversation. Barber then walked over to a phone booth while Brown remained talking to the attendant. Barber walked back to where the station attendant and Brown were talking. When Brown asked the attendant for a package of cigarettes, Barber walked away from the station office while Brown and the attendant went in the office to get the cigarettes. As the attendant picked up the cigarettes, he observed Barber running away from the station and at the same moment, Brown put a gun in his face and took money (approximately $150 or more). He then observed Brown run out of the station and saw both Brown and Barber run away from the station into some nearby woods.

On a street adjacent to the woods, a resident observed two black males running together dressed in the same type and same color clothes as testified to by the station attendant. The witness then saw the car which he had previously seen driving slowly up and down his street, apparently stop and pick up the two running men. By this time the police had been notified and were on the lookout for three black males in a blue Maverick auto. The auto was spotted parked beside a building and Hammond (its owner) standing by the side of the auto. Hammond was detained, and while the officers were talking to Hammond one of the officers saw two men coming out of the woods moving in the direction of the auto. The officer talking to Hammond recognized two men he subsequently identified as Brown and Barber. Brown yelled something about the police, and both men ran back into the woods and disappeared. Based upon information furnished by

Hammond, an arrest warrant was prepared for both Barber and Brown. A short time later Barber was apprehended. When apprehended, Barber denied knowing either Brown or Hammond or knowing that a robbery had taken place. Subsequently, Barber admitted that he had been present at the station, that a robbery had been discussed and that after the robbery, he ran from the scene with Brown and was picked up by Hammond. He denied on the stand that he knew that a robbery was going to take place, did not discuss a robbery with anyone, and did not share in the proceeds.

After the jury has returned a verdict of guilty, and the defendant seeks a reversal of his conviction on appeal by arguing that the trial court erred in failing to direct a verdict of acquittal on the general grounds, the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). We find that the evidence, viewed in the light most favorable to the verdict, supports a finding by a rational trier of fact of the essential elements of the crime charged beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration is without merit.

2. In his second enumeration, Barber contends the trial court erred in not giving in detailed language a cautionary instruction to the jury to disregard any reference by the state to a polygraph examination.

An examination of the transcript shows that apparently Barber and the state entered into a stipulation to admit the results of a polygraph examination. After the state had rested and Barber had testified under oath denying any culpability in the armed robbery, the state sought to establish a foundation for the admission of the polygraph results. Apparently the state intended to call the operator to rebut appellant's denials of guilt. The trial court ruled that the opinions of the operator were only opinions as to apparent truthfulness and could not be used to establish what actions appellant had actually taken during the robbery. While out of the presence of the jury, appellant suggested the possibility of a mistrial but did not formally make such a motion and did not thereafter pursue that course of action. When back in the presence of the jury, Barber's counsel asked the trial court: "Could you instruct the jury to disregard the previous comments." The trial court responded: "All right." All this was uttered in the presence of the jury. The jury

therefore could not have heard the request of the defendant's counsel to disregard the last comments followed by the trial court's affirmative response without understanding that they were to disregard the last comments concerning the polygraph. Counsel did not seek further redress and by his silence indicated satisfaction in the action of the trial court. He now for the first time raises his objection on appeal. If appellant was dissatisfied with the court's corrective action and sufficiency of the charge, it was incumbent upon him to request further instructions, renew his objections, or request a new trial. Appellant's counsel did none of these things. Though the action of the trial court was only minimally adequate, in the absence of objection or a request for more definitive corrective action, we will find no error to the prejudice of appellant's substantive rights. *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612); *Bradley v. State,* 137 Ga. App. 670, 672 (5) (224 SE2d 778).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 28, 1982.

*R. Edwin Joyner, Stephen F. White,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.