64803. FAMBRO v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of rape and appeals on the general grounds and several specific grounds.

The evidence disclosed that about 10:00 a.m., July 4, 1981 the victim was walking to a bus stop enroute to work. The victim was assaulted from behind, abducted forcibly, driven to a dump a short distance away and raped at knife point. As appellant drove away from the dump, the victim obtained the license number of his car. The

victim went to Grady Hospital and reported the rape and was examined physically. The police were notified and the victim was thereafter taken to the police station. The victim identified appellant first by photographs and then in a lineup as the person who had kidnapped and raped her. Results of tests from the State Crime Laboratory on specimens taken from the victim at the hospital disclosed the presence of male sperm. At trial, two state witnesses, after identifying appellant, testified that they had been raped by him in a similar manner.

1. Appellant's enumeration of error on the general grounds is without merit. After examining the transcript we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends that the trial court erred by allowing the state to present evidence of two previous rapes committed by appellant. He argues that any relevance of such testimony was outweighed by the prejudicial impact of such testimony, and that such testimony improperly placed his character in issue.

In *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977), our Supreme Court held that "before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct."

In the instant case both state witnesses identified appellant positively as the person who had raped them; in each case the women were enroute to, or at, a bus stop; in the first case and the instant case the women were assaulted from behind and told that if they screamed appellant would blow their brains out; and in each incident appellant took his victims a short distance away to rape them. In the instant case the identity of appellant was of prime importance, since he presented evidence that he was elsewhere when the rape occurred. Hence, having met the tests set forth in *Hamilton,* supra, the evidence of similar offenses was admissible on the question of identity. See *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980); *Cook v. State,* 157 Ga. App. 23 (276 SE2d 84) (1981). "The exception to the general rule that evidence of independent crimes is

inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State,* 242 Ga. 649, 653 (3) (250 SE2d 394) (1978).

3. Appellant argues that a certified copy of his indictment, plea and sentence for aggravated assault (in one of the previous rapes testified to) was improperly admitted into evidence and sent out with the jury over his objection. The evidence of an independent crime was admitted to show that appellant was the perpetrator of an offense similar to that for which he was on trial. We have held previously that both testimony as to the similar crime and certified copies of a defendant's indictment, plea and conviction are admissible under such circumstances. *Wilson v. State,* 145 Ga. App. 33, 34 (5b) (243 SE2d 304) (1978). Hence, the exhibit was admitted properly.

As to appellant's contention that it was error to send the exhibit out with the jury, "[t]he jury is entitled to have out with it all evidence introduced." *Hall v. State,* 213 Ga. 557, 558 (6) (100 SE2d 176) (1957). See also *Dobbs v. State,* 214 Ga. 206, 207 (3) (104 SE2d 121) (1958); *Kincaid v. State,* 137 Ga. App. 138, 139 (1) (223 SE2d 152) (1975). Accordingly, this enumeration is without merit.

4. On cross-examination of a defense witness the state asked if appellant drove a car at all in 1981, and the witness responded: "I think he was in trouble — no, no, no." Defense counsel objected on the ground that the answer was not responsive, and moved for a mistrial because appellant's character was put in issue. The trial court sustained the objection, instructed the jury to disregard the answer and denied appellant's motion for a mistrial. Appellant contends it was error to deny his motion for a mistrial. However, he did not renew his motion for a mistrial after the court's ruling, and this court has held: "Since the rule requiring renewal of a motion for a mistrial following curative instructions has been retained in criminal cases, the issue has not been preserved for appellate review." *Bankston v. State,* 159 Ga. App. 342, 343 (3) (283 SE2d 319) (1981). Accordingly, the enumeration is without merit.

5. Lastly, appellant contends it was error to allow a state witness to testify, over objection, that appellant had a gap in his front tooth and that his left ear was pierced.

The prosecuting attorney requested, after the defense rested, that testimony of a witness be allowed in rebuttal, and "if not in rebuttal, then I ask the Court in its discretion to let me reopen my evidence to show that the defendant . . . has a gap between his teeth and he had a pierced earring." (The victim had described appellant as having these characteristics.) The trial court allowed the state to present the testimony on the basis that it was relevant on the issue of appellant's identity. " 'Reopening evidence is in the sound discretion

of the trial court and will not be disturbed when no abuse of discretion is shown. [Cits.]' " *Davis v. State,* 242 Ga. 901, 907 (7) (252 SE2d 443) (1979). As no abuse of discretion has been shown by allowing the state to reopen its case, appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1983 —
REHEARINGS DENIED FEBRUARY 4, and FEBRUARY 16, 1983 — ▇▇▇▇

*Louise T. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.