## 67201. SWANN v. THE STATE.

Pope, Judge.

Defendant Swann was indicted and convicted of theft by taking and sentenced to serve three years. He appeals, alleging the trial court erred in failing to give a requested charge on the burden of proof in a case based on circumstantial evidence, and in referring to the defendant as "the prisoner at the bar" during its charge to the jury.

1. We find no merit in Swann's contention that the trial court erred in failing to charge the jury in these requested words: "The State must prove the absence of all reasonable hypotheses other than the guilt of the accused." We have examined the charge and find that the court correctly charged the jury that the burden of proof was upon the state to prove each element of the crime of theft by taking and that the burden never shifted from the state to the defendant. The court further charged: "Circumstantial evidence alone will not justify a finding of guilty unless the circumstances are entirely consistent with the defendant's guilt, wholly inconsistent with any reasonable theory of the defendant's innocence, and . . . so convincing as to exclude a reasonable doubt of the defendant's guilt." "The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal." *Kelly v. State,* 241 Ga. 190, 191-2 (243 SE2d 857) (1978).

2. Nor do we find meritorious Swann's contention that the trial court's use of the term "prisoner at the bar" during the charge was error requiring reversal. We have previously held that the use of the term "prisoner at the bar" during a criminal trial is not reversible error. *McCranie v. State,* 151 Ga. App. 871 (4) (261 SE2d 779) (1979), and cits. But see *Sabel v. State,* 248 Ga. 10 (7a) (282 SE2d 61) (1981). In the context of the charge, taken as a whole, we see no harm. The term was used but once, with no particular emphasis upon it. See *Lumpkin v. State,* 152 Ga. 229 (6) (109 SE 664) (1921) (the court in its charge referred to the accused as a "convict"; held, in context, no reversible error).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

Decided January 4, 1984.

*J. Dunham McAllister,* for appellant.
*Robert E. Keller, District Attorney, Mary Jane Stewart, Albert B. Collier, Assistant District Attorneys,* for appellee.