69376. STEPHENS v. THE STATE.
(324 SE2d 791)

McMURRAY, Chief Judge.

Defendant was convicted of armed robbery and simple battery.

His appointed counsel has appealed but has now filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), contending that after a careful review of the transcript and record counsel feels that any appeal from said conviction would be frivolous and without legal basis. A copy of the motion to withdraw as counsel and the brief in support thereof was served upon the defendant. Counsel has met all the requirements of Anders v. California, supra, and *Bethay v. State*, 237 Ga. 625 (229 SE2d 406). Defendant, in his own behalf, has filed some ten enumerations of error and his brief. *Held*:

1. Several of defendant's enumerations of error relate to conflicts in the evidence or the credibility of the State's witnesses. "It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. *Ridley v. State*, 236 Ga. 147 (223 SE2d 131)." *Barber v. State*, 164 Ga. App. 172, 173 (1) (296 SE2d 747).

The State's evidence is that defendant used a knife to accomplish a robbery of a gas station. The simple battery occurred when a customer in the gas station, who was attempting to apprehend defendant, was struck with a stick by defendant. The jury rejected defendant's testimony that he was attacked following his refusal to purchase drugs from the gas station attendant and the customer. The issue of credibility created by the conflicting evidence was for the jury. We find that a rational trier of fact could reasonably have found from the evidence presented at trial that the defendant was guilty beyond a reasonable doubt of the offenses charged. See *Logue v. State*, 251 Ga. 602 (2) (308 SE2d 189); and *Barber v. State*, 164 Ga. App. 172, 173 (2), supra.

2. Applying the standard enunciated in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515), we find no merit in defendant's allegation of ineffective assistance of counsel. See *Johnson v. Zant*, 249 Ga. 812 (1) (295 SE2d 63); and *Trenor v. State*, 252 Ga. 264, 267 (7) (313 SE2d 482).

3. Defendant's remaining enumerations address issues raised for the first time on appeal, or are predicated on factual assertions contained in defendant's brief but unsupported by the record. The remaining enumerations of error are without merit. *Reaves v. State*, 165 Ga. App. 210, 211 (3) (300 SE2d 551); *Giddens v. State*, 156 Ga. App. 258, 260 (3) (274 SE2d 595).

4. After a careful review of the record, transcript and the briefs filed by counsel and by defendant, we are in agreement with counsel from our independent examination that no errors of substance have been committed. Accordingly, we find the appeal to be wholly frivo-

lous and counsel's motion to withdraw is granted. See *Heard v. State*, 248 Ga. 348, 349 (283 SE2d 270); and *Ford v. State*, 166 Ga. App. 223 (303 SE2d 767).

*Motion granted; judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984.

*Edward Lang*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert E. Statham III, Thomas Clegg, Assistant District Attorneys*, for appellee.