### 69996. BLAND v. THE STATE.
(330 SE2d 796)

Pope, Judge.

Joe Louis Bland was tried and convicted of being an habitual violator. He was sentenced to serve five years. He now appeals.

1. Bland argues that the trial court erred in allowing the arresting officer to testify that Bland possessed a probationary license marked "BP," which meant that the license was good for business purposes only. Bland contends that this was an impermissible legal conclusion by the officer. We do not agree. The officer merely testified about the type of license presented to him by Bland; the testimony reflected the officer's personal observation. There is no merit to this enumeration.

2. Nor did the court err in allowing into evidence a certified copy of Bland's "Official Notice of Revocation," "Personal Service on Habitual Violator." See OCGA § 24-7-20; *Musgrove v. State*, 230 Ga. 46 (195 SE2d 407) (1973).

3. We find no error in the trial court's exclusion from evidence of a certified copy of a complaint filed in federal court by Bland against the City of Jackson and the arresting officer in the present case. The federal suit apparently arose from an earlier arrest of Bland. Bland was allowed to testify to the fact of the suit and the general circumstances surrounding the bringing of the suit. Questions of relevancy are for the court. *Hotchkiss v. Newton*, 10 Ga. 560 (5) (1851). The fact of the existence of the suit might have some relevancy bearing on the credibility of the arresting officer; however, the particulars of the suit would not be relevant to the issues on trial in the present case. The trail court has a wide discretion in determining what evidence is relevant and material. *Hartman v. State*, 170 Ga. App. 195 (2) (316 SE2d 820) (1984). The trial court did not abuse that discretion in this instance.

4. Bland argues that the State improperly put his character into issue by eliciting testimony from him regarding a previous arrest for being an habitual violator. Bland put the previous arrest in issue during direct testimony by testifying about the federal suit which arose from the previous arrest. On cross-examination the State questioned Bland further about the previous arrest with no objection from Bland. Only when counsel for the State summarized the earlier testimony in question ("And . . . since when you have also been charged two additional times with Habitual Violator —") did Bland object and move for a mistrial. The evidence was already in; the objection was too late.

See *Yarbrough v. State*, 151 Ga. App. 474 (2) (260 SE2d 369) (1979). We find no error in the trial court's denial of the motion for mistrial.

5. Finally, in his last three enumerations, Bland argues that the trial court erred in failing to give specific requests to charge. We have examined the charge given and find that it was correct and covered the same principles as those in the requests to charge, though not in the exact language requested. This is not error. *Swann v. State*, 169 Ga. App. 429 (1) (313 SE2d 131) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 16, 1985.

*Joseph L. Smith*, for appellant.
*E. Byron Smith, District Attorney*, for appellee.