70615. TANNER v. THE STATE.

(335 SE2d 133)

DEEN, Presiding Judge.

In the early morning hours of November 14, 1982, a 1978 red Chrysler Cordoba, occupied by the appellant, Ronald Keith Tanner, Jeffery Arthur White, and Michael Corey, pulled into the parking lot of a convenience store in Clayton County. The store clerk was sweeping the walkway and re-entered the store to attend to the prospective customers. Corey and White entered the store while Tanner remained in the driver's seat. According to the store clerk, the two men purchased a soft drink and some cigarettes, and then, wielding handguns, took approximately $74 from the cash register. (White claimed that he had entered the store to purchase a soft drink but denied partici-

---

pation in the actual robbery.)

As the robbery was in progress, another vehicle, driven by Robert Lapinski and his wife, pulled into the store lot and parked beside the Cordoba. Robert Lapinski started to enter the store, but Tanner told him that it was closed for 5 to 10 minutes. Lapinski waited in his vehicle until he interpreted a gesture from the clerk as a sign that the store was now open, and he then entered the store. Corey and White departed, and drove off in the Cordoba with Tanner, and the clerk informed Lapinski that she had been robbed. They immediately notified the police, who arrived shortly thereafter. Both Lapinski and his wife positively identified the appellant as the driver of the Cordoba. The store clerk also positively identified the appellant as the driver, but after cross-examination by counsel for the co-defendant White, she was only tentatively sure of any identification.

Soon afterwards, the Cordoba was stopped by a Clayton County deputy sheriff. The three men began to exit the vehicle, at which point the deputy ordered them to stop. (This deputy sheriff also identified the appellant as the driver.) When back-up units arrived, all three men were taken into custody. The investigating officers discovered the $74 and one pistol underneath the car, and another pistol on the rear floorboard of the vehicle. A paper bag, held by the co-defendant White as he exited the car, contained a bottle of soft drink and two packs of cigarettes. Some bullets were found on the appellant.

All three men were charged with armed robbery, and Michael Corey subsequently pleaded guilty. (Corey also testified at the trial and essentially assumed entire responsibility for the robbery.) The appellant and co-defendant White, over the appellant's objection, were tried jointly, and both were found guilty. The appellant was sentenced to five years' imprisonment. On appeal, he contends that the trial court erred in refusing to sever the trial. *Held*:

Whether two or more defendants jointly indicted for less than a capital offense are tried jointly or separately is a matter of discretion with the trial court. OCGA § 17-8-4. *Stevens v. State*, 165 Ga. App. 814 (302 SE2d 724) (1983). In exercising this discretion, the trial court should consider "whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses." *Murphy v. State*, 246 Ga. 626, 629 (273 SE2d 2) (1980); *Owens v. State*, 251 Ga. 313, 321 (305 SE2d 102) (1983). There must be a clear showing of prejudice resulting from the joinder, rather than the mere possibility that a separate trial would improve a defendant's chance of acquittal, before severance will be required. *Mulkey v. State*, 250 Ga. 444 (298 SE2d 487) (1983); *Murphy v. State*, supra.

In the instant case, the appellant's primary contention that his defense was antagonistic to that of the co-defendant White is specious. The appellant's defense consisted of his claim that he had merely driven the Cordoba and had stopped at the convenience store because Corey had wanted to get some cigarettes; he denied any knowledge of or participation in the actual robbery. White's defense was that Corey alone had committed the robbery. While counsel for the co-defendant White did attack the identification testimony of the store clerk and the Lapinskis with regard to who was the driver of the vehicle, there was no real dispute that the appellant had been the driver. The Lapinskis remained positive in their identification; the deputy sheriff who had stopped the vehicle was positive; Corey and the co-defendant White both testified that the appellant had been the driver; and the state even stipulated that the appellant had been the driver. Under these circumstances, it is absurd to assert that the jury could have been confused or misled as to this fact.

The appellant's strongest other contention concerned the testimony of the co-defendant's witnesses that the appellant resided with the co-defendant and Corey, which somewhat contradicted his own evidence that most of the time he had stayed at his girl friend's residence and suggested that the appellant was a closer friend to Corey than he claimed. This evidence, however, certainly was insufficient to constitute a clear prejudice to the appellant.

In summary, the appellant has failed to demonstrate, and our review of the evidence has failed to disclose, any clear prejudice resulting from the joint trial of the appellant and his co-defendant, White. Accordingly, we find no abuse of discretion in the trial court's refusal to sever the trial.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 18, 1985.

*Paul S. Weiner, Marsha King*, for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney*, for appellee.