*Wesley Williams*, for appellee.

## 70866. ALDRIDGE v. THE STATE.
### (334 SE2d 881)

DEEN, Presiding Judge.

The appellant, Ernie Lee Aldridge, was convicted of aggravated sodomy and attempted incest, for which he was sentenced to life imprisonment and 10 years' imprisonment, respectively.

In an indictment returned on October 1, 1984, the appellant was charged with having committed incest with his 12-year-old daughter on July 19, 1984, aggravated anal sodomy on June 30, 1984, and aggravated oral sodomy in April 1984. At trial, although she was unsure as to the specific dates, the appellant's daughter testified that on one occasion in 1984, the appellant had stopped the car in which they were riding and had made her put her mouth on his penis until he ejaculated. At that time, he instructed her not to tell anyone because he would get sent back to prison. On another occasion, she had accompanied her father to her grandmother's residence, where her father had made her lower her pants and bend over a concrete block in a shed. He then had tried to insert his penis into her vagina, but ceased the attempt when she began to bleed. On another occasion, while at home, her father had made her remove her clothing in the bedroom and again had unsuccessfully attempted to insert his penis into her vagina; during the episode, her father had also made her little brother stand watch for the return of their mother. Eventually, the appellant's daughter told her mother about these episodes, but the mother initially disbelieved her; the police were contacted in late July 1984 after the daughter told her grandmother about the incidents. The appellant fled the jurisdiction and was later apprehended in Alabama.

The appellant's son corroborated the daughter's testimony about the incident in the bedroom. He was also allowed to testify over objection that he had witnessed other similar episodes where the appellant had attempted to penetrate the daughter. Afterwards, the appellant had always instructed them not to tell anyone what had happened, and sometimes would give them cigarettes.

The appellant's primary defense, as developed by defense witnesses and his own testimony, was that his daughter and son had resented the strict discipline he had imposed upon them when he returned to the household following his release from prison. The appellant speculated that because of this resentment and because they realized that his parole would be revoked, the children were lying about his sexual encounters with his daughter. He further ex-

plained that he had fled the state because he knew that his parole would be revoked based on the charges made against him.

The jury acquitted the appellant on the charge of anal sodomy. On appeal, Aldridge contends that the evidence likewise was insufficient to support the convictions for attempted incest and the oral sodomy; that the trial court erred in allowing testimony of other, independent crimes; and that the trial court erred in failing to declare a mistrial when the appellant's character was placed in issue. *Held*:

1. "In *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977), our Supreme Court held that 'before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct.' " *Fambro v. State*, 165 Ga. App. 445, 446 (299 SE2d 114) (1983); see also *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983). In the instant case, the son's general testimony that he had witnessed other attempts by the appellant to have sexual intercourse with the daughter in the home certainly satisfied the above identity and similarity requirements, and the trial court properly allowed that testimony.

2. On direct examination, the appellant himself testified (and defended primarily on the basis) that his daughter and son had lied about the charged incidents in order to accomplish the revocation of his parole. Upon cross-examination, the state inquired into the appellant's previous convictions for murder and theft by taking, and introduced copies of those convictions. Under *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985), "when a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." The instant case presented precisely such a situation, and the trial court properly declined to declare a mistrial on that basis.

The appellant also contends, however, that the state initially placed his character in issue during direct examination of the daughter, who testified that after the sexual acts perpetrated against her, her father had warned her not to tell anyone or else he would have to go back to prison. This evidence, as part of the criminal plan, scheme, or bent of mind, certainly was admissible, notwithstanding any incidental placement of the appellant's character into issue. *Causey v. State*, 154 Ga. 76, 79 (267 SE2d 475) (1980); see also *Tiller v. State*,

196 Ga. 508 (26 SE2d 883) (1943).

The appellant also contends that the trial court should have declared a mistrial when, upon cross-examination by defense counsel, the appellant's son testified that "when daddy was in prison, mama made us mind a lot." This testimony was in response to defense counsel's attempt to elicit a comparison of the discipline imposed upon the children by the appellant and by the children's mother while the appellant was out of the household. Under this circumstance, and particularly in view of the fact that the appellant's primary defense was that the two children were lying in order to return the appellant to prison, the trial court correctly refused to declare a mistrial. See *Jackson v. State*, 154 Ga. App. 411 (268 SE2d 749) (1980).

3. Concerning the appellant's assertion of the general grounds, upon review of the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact was authorized to find the appellant guilty beyond a reasonable doubt of attempted incest and aggravated sodomy. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*David C. Jones, Jr.*, for appellant.
*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.