### 70726. ACREE v. THE STATE.
(335 SE2d 147)

BIRDSONG, Presiding Judge.

The defendant, Timothy Acree, appeals his conviction of possession of marijuana with intent to distribute. On April 27, 1984, Tim Dunn, while washing his clothes at a laundromat was approached by the defendant and asked if he had any "rolling papers." Dunn said he did not. The defendant then went next door to a service station where Dunn saw a person approach him and give him something. Defendant went to the rear of the station and removed a white plastic bag out of some tires and gave the man a small bag. Dunn related this information to Officer Kent who went behind the service station and observed the defendant for about 20 minutes. Defendant was talking to some other men at that location and they began to look in the direction

where Kent and his partner were located. The officers then approached the defendant. He started to walk rapidly away but was stopped. Officer Kent's partner removed a white plastic bag from the tires, which had been within reach of the defendant when the officers first observed him. The plastic bag had nine small bags of a substance later determined to be marijuana.

The defendant was placed under arrest and put in the rear seat of the police patrol car. Another police patrol wagon arrived and defendant was transferred to that vehicle. Officer Kent searched the rear of his vehicle after defendant was removed and found a small memo pad with three pages of names and dollar amounts by each name. Defendant was searched and he had $171 in cash and one small packet of marijuana. *Held*:

1. When viewed in the light favorable to the verdict, this evidence is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Stinson v. State*, 244 Ga. 219 (4) (259 SE2d 471); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Detective Jack Lambert was permitted to testify that on September 8, 1978, he observed a man come up to the defendant and give him some money. Defendant gave the man a small envelope. Detective Lambert stopped the purchaser and opened the envelope. It appeared to contain marijuana. The man admitted that the defendant had sold him some marijuana for $3. The officer arrested the defendant and in defendant's car, the officer found a small memo pad with people's names in it with dollar amounts beside each name. Defendant claims it was error to admit this evidence of a prior offense.

Defendant testified that he was merely standing behind the service station with five or six other people when he was accosted by the officer. It was not his marijuana and he was not selling marijuana. Further, he did not have any marijuana on his person. On cross-examination, he stated that he had never sold marijuana even though he entered a plea of guilty in his prior trial.

Before evidence of independent crimes is admissible, two conditions must be met. First, the prosecution must show the defendant committed the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State*, 237 Ga. 620, 621 (229 SE2d 410). Once defendant is identified as the perpetrator of the prior offense, testimony concerning the independent crime is admissible for the purpose of showing "identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321). The circumstances and modus operandi of the prior independent offense is sufficiently similar to demonstrate motive, plan, scheme, and bent of

mind. *Manning v. State*, 170 Ga. App. 721 (2) (318 SE2d 191); *Davis v. State*, 158 Ga. App. 549, 550 (281 SE2d 305). The trial court did not err in admitting evidence of the prior similar offense.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 12, 1985.

*Marvin S. Soskin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, John M. Turner, Jr., Assistant District Attorneys*, for appellee.