70630. JOHNSON v. THE STATE.
(336 SE2d 257)

BENHAM, Judge.
Appellant was convicted of armed robbery and burglary, and this

appeal follows the denial of his motion for new trial. He cites the denial as error, along with five other enumerations. We affirm.

1. Appellant based his motion for new trial on the ground of newly discovered evidence. The evidence included appellant's brother/co-defendant's affidavit recanting his trial testimony, taking full responsibility for the crime, and absolving appellant of any connection to the crime. At trial appellant's brother had denied that he or appellant engaged in the criminal activities alleged. "The newly discovered evidence offered by [appellant] does not meet the standard set out in *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). The court in *Timberlake* held that all six parts of the test must be met to secure a new trial on the ground of newly discovered evidence. The sixth requirement is that a new trial is not warranted if the only effect of the evidence would be to impeach the credit of a witness. Obviously, the effect of [appellant's brother's] post-trial affidavit is to impeach his trial testimony. Therefore, the trial court did not abuse its direction in denying the motion for new trial. [Cit.]" *Perry v. State*, 173 Ga. App. 541 (5) (327 SE2d 527) (1985).

2. Appellant asserts that the trial court erred in denying his motion for severance of his and his brother/co-defendant's trials because of the likelihood of mistaken identity and the spillover effect of there being more evidence against appellant's brother than there was against appellant. The denial of appellant's motion to sever was within the discretion of the trial court, and we will not disturb the ruling absent a showing of clear abuse of that discretion. OCGA § 17-8-4; *Stephens v. State*, 170 Ga. App. 267 (1) (316 SE2d 847) (1984). Appellant has failed to show that the number of defendants created confusion as to the evidence and law applicable to each individual defendant; that evidence admissible against appellant's co-defendant was considered against appellant despite cautionary instructions to the contrary; and that appellant's defenses were antagonistic to those of his co-defendant. Id. Therefore, we affirm the trial court's decision not to sever the trials. See also *Lunz v. State*, 174 Ga. App. 893 (2) (332 SE2d 37) (1985).

3. Appellant claims that the trial court erred in denying him a copy of the entire voir dire for use in his appeal and motion for new trial. The trial court ordered the court reporter to transcribe "only such portions of voir dire . . . which objection was made to or upon which a ruling of the Court was made which is subject to review . . ." The provision of those portions of the voir dire was sufficient compliance with the statutory requirements of recordation and transcription. *Gardner v. State*, 172 Ga. App. 677 (4) (324 SE2d 535) (1984).

4. In his third and sixth enumerations, appellant contends that the trial court erred by admitting into evidence the victim's pre-trial identification of appellant, based on his assertion that the six-man

photo array used was unduly suggestive and that the victim was unable to identify appellant at trial. We find no error. Our review of the record leads us to conclude that the victim was not unduly influenced by the circumstances surrounding the presentation of the photo array so as to taint his identification. There was no evidence to support appellant's claim that the victim's son described to his father appellant's appearance and clothing before the victim had an opportunity to view the photos. The victim was able to pick appellant out of the photos in a few minutes and was "99% sure" that appellant was his assailant. All of the photos were of white males who met the same general age and description of appellant. The trial judge did not err in refusing to suppress the witness' identification testimony at trial. *Jones v. State*, 251 Ga. 361 (306 SE2d 265) (1983).

Contrary to appellant's urging, we decline to adopt the minority view that the witness' pre-trial identification was inadmissible because he failed to positively identify appellant at trial. The witness' original identification was made within days of the crime, when his memory was fresher than it may have been at trial. While appellant's appearance was substantially changed at trial, the line-up photograph depicted him as he appeared at the time the crime occurred. The inability of the witness to make a positive identification at trial goes to the weight of the evidence and the credibility of the witness, which are questions for the jury to decide. *Stephens v. State*, 172 Ga. App. 830 (1) (324 SE2d 791) (1984).

5. Appellant alleges that there was insufficient evidence upon which the jury could find him guilty beyond a reasonable doubt. The evidence produced at trial was as follows: About one hour before the crime occurred, appellant and his co-defendant were seen sitting in a pickup truck less than one-half mile from the crime scene. An assailant broke into the victim's home, threatened him with a knife, and took approximately $180 in cash and a 1979 Cadillac from him without his permission. The victim identified appellant as being his assailant. The car was found on the grounds of the property where appellant lived, and appellant was found in the vicinity of the robbery the day after it occurred. This evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Richardson v. State*, 173 Ga. App. 695 (1) (327 SE2d 813) (1985); OCGA §§ 16-7-1 and 16-8-41. Compare *Graves v. State*, 172 Ga. App. 829 (324 SE2d 790) (1984).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 18, 1985 —
REHEARING DENIED OCTOBER 10, 1985 —

*Mark J. Nathan*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.