## 71527. STEWART v. THE STATE.
### (341 SE2d 235)

POPE, Judge.

Robert T. Stewart was convicted of conversion of leased personal property and was sentenced to serve one year. The jury was authorized to find that on March 15, 1984 Stewart signed a one-day rental agreement with Ryder Truck Rental, Inc., for a twenty-two foot truck. Stewart was president of Rocarol Parcel & Freight System. The truck was not returned on March 16 as specified in the rental agreement. When contacted by a representative of Ryder, Stewart said that he had lost the key and could not return the truck. Stewart was provided a telephone number of Ryder Central to obtain a key code so that a new key could be made and the truck returned. On March 19 another representative of Ryder contacted Stewart and again requested return of the truck, or payment of an additional rental fee. Stewart promised to return the truck and made no mention of any problem with a lost key. The truck was not returned as promised. Ryder sent a certified letter on March 28 advising Stewart that the truck would be reported stolen if not returned immediately. The letter was returned with a change of address, and a second letter was sent on April 13. On April 20 Ryder received a note from Stewart saying that he would return the truck within three or four days. Included in the letter was a check in the amount of $260 payable to

Ryder and signed by Stewart. The check was returned for insufficient funds. At that point Ryder reported the truck stolen and took out a warrant for Stewart's arrest. Stewart hired a wrecker to tow the truck to Ryder's lot on May 3. It was left at the Ryder lot without Stewart or anyone else notifying Ryder of the return. On May 7, during a routine check of the lot, Ryder employees discovered the truck. The reading on the odometer showed that the truck had been driven 3,805 miles since it had been rented on March 15. Based upon the rental agreement, Stewart owed $2,822.75 to Ryder for use of the truck.

1. Stewart enumerates the general grounds. We find that the evidence is sufficient to enable any rational trier of fact to find beyond a reasonable doubt the existence of the crime charged. See OCGA § 16-8-19; accord *Acree v. State*, 176 Ga. App. 13 (1) (335 SE2d 147) (1985).

2. We find no merit in Stewart's contention that the trial court erred in refusing to allow him to reopen his case to offer the testimony of an additional witness. The trial court found that the testimony offered would have been cumulative. We find no abuse of discretion. See generally *Jackson v. State*, 163 Ga. App. 747 (2) (296 SE2d 90) (1982), and cits; *Newman v. Booker & Co.*, 133 Ga. App. 209 (210 SE2d 329) (1974).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JANUARY 22, 1986 —
REHEARING DENIED FEBRUARY 10, 1986 —

*William V. Hall, Jr.*, for appellant.
*Robert E. Keller*, District Attorney, *Albert B. Collier, David C. Marshall*, Assistant District Attorneys, for appellee.