## 71286. SCOTT v. THE STATE.
(343 SE2d 117)

POPE, Judge.

Scott appeals from his conviction of trafficking in cocaine (OCGA § 16-13-31 (a) (1)). His enumerations of error stem primarily from the trial court's denial of his motion to sever his trial from that of his co-defendant Hall (see *Hall v. State*, 176 Ga. App. 498 (336 SE2d 604) (1985)), and the court's refusal to allow him to introduce evidence of a similar crime committed by Hall.

1. Scott's participation in the crime was shown by evidence that GBI agents set up an undercover drug transaction, instructing that cocaine be brought to them at a specified location. When a white truck driven by Scott with Hall in the passenger seat arrived, they

were identified by an informant as the ones with the cocaine. Hall left the truck carrying what appeared to be a white powdery substance; when he returned, both men were placed under arrest. In the middle of the truck seat inside Scott's cap two small bags and a Curad box containing what was subsequently determined to be 64.2 grams of cocaine were found. Scott, an Eastern Air Lines employee, testified that he had stopped for gas when he ran into Hall, who asked for a ride to some apartments about a block and a half away, and that he obliged Hall who told him he would only be there a minute or so. Hall testified that he went to the apartments as an informant for the FBI, and that after waiting for another man who did not show up he asked Scott for a ride there, but Scott "didn't know what was happening, what was leveling." For a more complete statement of the evidence, see *Hall v. State*, supra at (1).

"Whether two or more defendants jointly indicted for less than a capital offense are tried jointly or separately is a matter of discretion with the trial court. OCGA § 17-8-4. [Cit.] In exercising this discretion, the trial court should consider 'whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses.' [Cits.] There must be a clear showing of prejudice resulting from the joinder, rather than the mere possibility that a separate trial would improve a defendant's chance of acquittal, before severance will be required. [Cits.]" *Tanner v. State*, 176 Ga. App. 77, 78 (335 SE2d 133) (1985).

It is not apparent how the evidence presented against Hall would confuse the jury or implicate Scott in the participation in the crime, and their defenses were not antagonistic (Hall asserting that he was working undercover for the FBI and Scott denying any knowledge of a drug deal going on). Indeed, Hall's trial testimony was entirely exculpatory and supportive of Scott's defense, since Hall denied that Scott was a part of a joint drug venture and did not indicate that the drugs were Scott's. We thus agree with the ruling of the trial court that nothing would be gained by granting a severance to enable appellant to submit evidence of Hall's prior conviction. Moreover, there was no likelihood that Hall's testimony would be more beneficial or even that he would in fact have testified if their cases were severed. See *Kirby v. State*, 174 Ga. App. 58 (2) (329 SE2d 228) (1985). "In summary, the appellant has failed to demonstrate, and our review of the evidence has failed to disclose, any clear prejudice resulting from the joint trial of the appellant and his co-defendant, [Hall]. Accordingly, we find no abuse of discretion in the trial court's refusal to sever the trial." *Tanner v. State*, supra at 79. Accord *Johnson v. State*, 176 Ga. App. 378 (2) (336 SE2d 257) (1985).

2. We are likewise unconvinced that the trial court's refusal to allow Scott to introduce in evidence a certified copy of a prior conviction of Hall for possession of narcotics was reversible error because it divested appellant of an essential line of defense and made the codefendants appear to be equally versed in drug trafficking. While evidence of prior criminal convictions may be admissible if relevant to the issues being tried, a foundation must first be laid to establish that the defendant was the perpetrator of the prior act, and by facts which show that sufficient similarity exists between the prior conviction and the offense charged that proof of the former tends to prove the latter. *Sport v. State*, 253 Ga. 689 (1) (324 SE2d 184) (1985); *Acree v. State*, 176 Ga. App. 13 (2) (335 SE2d 147) (1985); *Fambro v. State*, 165 Ga. App. 445 (2, 3) (299 SE2d 114) (1983). No proffer of the relevance of such evidence to any issue being tried here was made.

Furthermore, "it is only when the primary purpose of introducing evidence of a similar prior transaction is to establish motive, identity, or the other elements [recognized as exceptions to OCGA § 24-9-20] — or otherwise to establish an essential element of the crime with which defendant is charged — that the evidence is properly admitted. . . . In the instant case the effect of the [prior conviction] in placing [Hall's] character in issue can hardly be characterized as 'incidental': its sole apparent purpose was to do just that, by showing both 'general bad character,' OCGA § 24-9-20 . . . , and a specific interest in drug transactions." *Santamaria v. State*, 165 Ga. App. 288, 289 (299 SE2d 758) (1983). As such, it was clearly prejudicial and the trial court correctly precluded its admission.

3. Appellant asserts that the trial court erred in sustaining the State's objection to cross-examination of a GBI agent in regard to what the agent thought the "funny look" on Hall's face meant when he saw the agent holding up money after Hall arrived with the cocaine. "Although the appellant is entitled to a thorough and sifting cross-examination of a witness, the scope of such cross-examination is within the sound discretion of the trial court. OCGA § 24-9-64; [cits.]" *White v. State*, 253 Ga. 106, 110 (317 SE2d 196) (1984). We agree that the line of questioning was irrelevant and properly was limited.

4. The trial court excluded further direct examination of appellant by his attorney as to whether it was customary for people living in apartment complexes to ask for rides upon objection by the State that this was an irrelevant subject concerning everyday life. The State then asked appellant on cross-examination if it was customary for him to give a ride to anyone who walked up and asked for one without any questions as to what they were doing or how long they would stay. Appellant asserts that under the circumstances he could not object to the State's question without waiving his argument for admis-

sion of his own similar line of questioning, and was thus barred a meaningful presentation of his defenses. We cannot perceive how the appellant's expression of opinion on the custom of giving rides would logically tend to prove or disprove a material fact in issue, and it certainly was not a conclusion that was "beyond the ken of the average layman" or one that jurors could not ordinarily draw for themselves. The trial court has a wide discretion in determining what evidence is relevant and material, and we find no abuse of that discretion here. Cf. *Bland v. State*, 174 Ga. App. 584 (3) (330 SE2d 796) (1985).

5. Appellant contends that the trial court committed reversible error when it allowed the State over objection to ask his character witness what his opinion was of someone in whose vehicle cocaine was found on the front seat. We do not agree. Cross-examination may properly delve into particular transactions if the hypothetical questions asked embody the facts offered in evidence against the defendant, as was the case here. *Curry v. State*, 155 Ga. App. 829 (3) (273 SE2d 411) (1980). In any event, the witness answered that he had heard of people having cocaine planted in their vehicles and "not necessarily [having] anything to do with it." Thus no harm has been shown and we find no ground for reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

### ON MOTION FOR REHEARING.

Scott insists in his motion for rehearing that it is "almost inconceivable" that this court viewed Hall's testimony as favorable to him; and that we have overlooked the "whole thrust" of his appeal and the facts presented showing Hall to be an adverse witness and co-defendant with an antagonistic defense. Scott argues that since his primary defense at trial was that of complete lack of knowledge of any crime, therefore leaving the inference that Hall possessed the cocaine, and Hall's testimony was that he was an undercover FBI agent, both of them denied possession of the cocaine. In our view, however, Hall's contention that he was acting on behalf of the FBI does not constitute a denial of possession of the cocaine, but rather an implied admission of its possession for lawful purposes. In any event, both of these premises were rejected by the jury.

*Judgment adhered to.*

DECIDED FEBRUARY 24, 1986 —
REHEARING DENIED MARCH 11, 1986 —

*Paul S. Weiner*, for appellant.
*Robert E. Keller*, District Attorney, *David C. Marshall*, Assis-

*tant District Attorney*, for appellee.