A91A2153. CAULEY v. THE STATE.
(416 SE2d 575)

ANDREWS, Judge.

Cauley was indicted for six counts of rape, eight counts of aggravated sodomy, three counts of child molestation and three counts of simple battery. He was convicted of one count of rape, three counts of simple battery, and acquitted on the remaining counts.

This appeal arises out of the following events. At the conclusion of the first day of Cauley's trial, both the prosecution and defense had concluded their cases and the evidence was closed. On the morning of the second day, before closing arguments began, Cauley told the judge in the presence of the jury that he wanted to fire his attorney since the attorney had not called all of his witnesses. The jury was taken out of the courtroom and Cauley stated: "He refused to call my witnesses. I've got witnesses sitting here that this man hasn't subpoenaed. He's told every one of 'em to be here today. . . ."

The court instructed Cauley to be quiet and the jury was brought back and polled with respect to whether the outburst prejudiced them against him. At the conclusion of the jury questioning, Cauley struck defense counsel. He again complained that defense counsel would not call his witnesses. The jury was taken out of the courtroom again.

The court then stated that Cauley had the option of being quiet or of dismissing his attorney and making his own closing argument. Cauley stated that he wanted defense counsel to make the closing argument, but again inquired as to whether his witnesses could be called. At this point, the trial court stated that if Cauley was willing to waive the attorney/client privilege, his attorney could divulge to

the court the reason he had not called the witnesses. After conferring with his lawyer, Cauley declined to relieve his attorney of the attorney/client privilege. The jury returned and the verdict against Cauley on four of the twenty counts was returned.

Because the ineffective assistance of counsel argument had already been raised, the trial court appointed appellate counsel to represent Cauley on the hearing of the motion for new trial. The motion for new trial was filed and included the claim that trial counsel was ineffective in that he failed to call material witnesses who could have provided an alibi defense for Cauley.

The trial court held an evidentiary hearing on the motion for new trial and on the ineffective assistance claim. Cauley testified at the hearing and claimed that four witnesses could all have testified that he was with them in Lyons, Georgia, on July 26, 1989, the date of the rape for which he was convicted. Cauley stated that he had provided this information to his trial counsel and that counsel failed to call the witnesses. In connection with this, Cauley submitted the unsworn statements of the witnesses in which they stated that they had seen Cauley on July 26.

Despite this alibi evidence, at trial Cauley had testified that he was at home with the victim on July 26. He conceded at the hearing that he failed to mention during his trial that he was in Lyons on that date, and he admitted that he did not testify that he had encountered the four witnesses on July 26. Furthermore, Cauley's calendar, in which he recorded his daily activities, stated "Morgan's Bridge" for the date July 26, 1989, but did not contain any reference to Lyons or to the four witnesses.

Cauley's trial counsel also testified during the hearing on the motion for new trial. He stated that he and Cauley had discussed the alibi defense several times and recalled that Cauley had discussed activities at Morgan's Bridge on July 26, but did not recall Cauley ever mentioning going to Lyons or seeing the witnesses on that date. The attorney recalled that he had spoken with at least one of the witnesses and that his discussion with this witness had not involved the Lyons alibi, but had focused on the character of the victim. The attorney testified that the witnesses he did not call were those whom he thought would not be helpful to the defense.

In a lengthy order, the trial court found that defense counsel had adequately investigated the case, the court denied the motion for new trial and found that the claim of ineffective assistance was without merit.

1. In his first enumeration of error, Cauley claims that the trial court erred in denying him the constitutional right to compel witnesses to testify. This enumeration is without merit. At the point at which Cauley's outburst began, the evidence was closed. Furthermore,

defense counsel never indicated that he wished to call any additional witnesses. Pretermitting the question of whether the issue was properly preserved for our review, we find no abuse of the trial court's discretion in the refusal to re-open the evidence. See generally *Stewart v. State*, 177 Ga. App. 740 (2) (341 SE2d 235) (1986). Cauley's argument that he was forced to choose between his right to counsel and his right to call witnesses in his behalf is also without merit.

2. In his second enumeration of error, Cauley claims that trial counsel rendered ineffective assistance of counsel by failing to call favorable witnesses. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics." *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62), reversed on other grounds 261 Ga. 386 (405 SE2d 482) (1991); see also *Pilcher v. State*, 170 Ga. App. 869 (4) (318 SE2d 640) (1984). "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." (Punctuation and citations omitted.) *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990). "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Brogdon v. State*, 255 Ga. 64, 67-68 (3) (335 SE2d 383) (1985).

In the instant case, the trial court's conclusion that Cauley failed to meet the burden of proving that his attorney's assistance was ineffective was correct. In addition to the fact that the attorney's performance was not deficient, there was no showing that the alleged ineffectiveness prejudiced the outcome of the case. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The record of the hearing on this claim established that the attorney's investigation of the case was appropriate and that his trial strategy was reasonable and effective. See generally *Reese v. State*, 257 Ga. 624 (2) (361 SE2d 796) (1987).

"The burden is on the defendant to establish his claim of ineffective assistance of counsel. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. The trial court's finding in the instant case is not clearly erroneous." *Garrett*, supra at 874. In fact, counsel was so successful that Cauley was acquitted on 16 of the 20 counts against him. It was not error to deny his motion for new trial on this ground.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 10, 1992.

*Merritt & Rose, Charles P. Rose, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.