A92A0764. BRIDGES v. THE STATE.
(423 SE2d 293)

JOHNSON, Judge.

Gary Wayne Bridges was convicted of arson in the first degree and theft by receiving stolen property. His motion for a new trial was denied. He appeals.

1. Bridges contends in his first enumeration of error that the trial court's charge on flight impermissibly shifted the burden of proof to him to explain why he left the scene of the crime.[1] This contention has been decided adversely to Bridges. *Kettman v. State*, 257 Ga. 603, 604 (3) (362 SE2d 342) (1987). Bridges attempts to bolster his enumerated error by further arguing in his brief that the charge on flight was not supported by the evidence at trial and that absent a charge on flight the evidence was insufficient to authorize the jury's verdict.

---

[1] As this case was tried before January 10, 1991, the giving of a flight instruction was not prohibited by *Renner v. State*, 260 Ga. 515, 517 (3) (397 SE2d 683) (1990).

"On appeal an enumeration of error cannot be enlarged by brief to give appellant viability to an issue not contained in the original enumeration. [Cit.]" *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991). For the foregoing reasons, we find no error in the court's charge.

2. Bridges claims in his second enumeration of error that he was given ineffective assistance of counsel at trial. After a hearing on Bridges' motion for a new trial, the trial court found that Bridges was not denied effective assistance of counsel. We agree with the trial court's ruling.

"There are two components to a claim for ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the defense was prejudiced by the deficient performance. Both components must be shown before we can find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citation and punctuation omitted.) *Whitner v. State*, 202 Ga. App. 608 (415 SE2d 52) (1992). Bridges argues that his trial attorney's performance was deficient in that he failed to object to the court's jury charge on flight on the ground that there was not evidence to support such a charge. Contrary to Bridges' assertion, the record on appeal indicates that there was evidence to support such a charge. Moreover, at the conclusion of the court's charge to the jury, Bridges' trial attorney reserved any objections to the charge. Thus, Bridges has failed to show that his counsel's performance was deficient or that any alleged deficiency prejudiced his defense.

Bridges further contends that his trial counsel was ineffective in advising him not to testify and in failing to call his mother as a witness regarding an apparent burn wound found on Bridges' back at the time of his arrest. Bridges' counsel testified at the motion for new trial hearing that he advised Bridges not to testify because he did not want Bridges to inadvertently place his character in issue by referring to his prior criminal record. Trial counsel further testified that during his numerous communications with Bridges' mother both before and during the trial she never indicated any knowledge of the wound. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional con-

duct." (Citations and punctuation omitted.) *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992). Bridges has failed to overcome this presumption. Trial counsel's strategy and tactics in advising Bridges not to testify and in not calling Bridges' mother as a witness do not equate with ineffective assistance of counsel. The trial court's finding in the instant case that Bridges was afforded effective assistance of counsel is not clearly erroneous and therefore must be upheld. *Cauley*, supra at 301.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Marc D. Cella*, for appellant.

*Thomas J. Charron, District Attorney, Charles M. Norman, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.