## 53770. LEWIS v. UNITED CALIFORNIA BANK.

SMITH, Judge.

United California Bank brought suit on account against the appellant, Lewis. A jury verdict was returned in the bank's favor and Lewis appeals, contending the trial court erred in admitting several documents as "business records" and in failing to direct a verdict in his behalf. We find no error and affirm the judgment entered on the verdict.

1. The bank provides factoring services for several California manufacturing firms which sold goods to

Lewis. Records of the sales and shipments were forwarded to the bank, whose function was to pay the manufacturer and collect from Lewis. The bank introduced these records at trial as business records under the hearsay exception of Ga. L. 1952, p. 177 (Code Ann. § 38-711). Lewis contends they are inadmissible because they are records created by the manufacturers or shippers, not the bank, and further because no witness was present from each business to testify that the records were contemporaneously made in the regular course of the particular business. Lewis relies on the holding of *Martin v. Baldwin,* 215 Ga. 293, 302 (110 SE2d 344), that Defense Department records in a Veteran's Administration file could not be admitted as business records of the Veteran's Administration. Here, copies of the records were sent to the bank and were retained by it in the ordinary and regular course of its factoring activities. Thus, the situation is more akin to that in *Childs v. Logan Motor Co.,* 103 Ga. App. 633 (120 SE2d 138), where an automobile dealer was allowed to introduce, as its business records, memoranda of title transfer prepared by the automobile manufacturer and sent to the dealer.

Our decision that the records were properly admitted is mandated by the expression of legislative intent that "[t]his section be liberally interpreted and applied." Ga. L. 1952, p. 177 (Code Ann. § 38-711). See particularly the forceful reaffirmation of this intent found in Ga. L. 1958, pp. 542, 543. A stated reason for the rule is to save the inconvenience and expense of producing a battery of witnesses to verify every detail of a record or a record-keeping operation. A different holding by us here would require the bank to produce witnesses from several California firms. We do not believe the legislature intended such a result where, as here, the records of the various firms were kept by the bank as its own and were relied upon by the bank as it would its own records.

2. Lewis contends a directed verdict should have been granted in his behalf because the bank failed to produce writings proving the sales contracts had been assigned to it. The bank's factoring officer testified that the assignments were oral, and under the facts here we find no Statute of Frauds or best evidence defects. The

existence of the assignments became a question of fact and a directed verdict would have been improper.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED APRIL 5, 1977 —DECIDED JULY 14, 1977 — REHEARING DENIED JULY 29, 1977 —

*John S. Noell, Jr.,* for appellant.
*E. Phil Duderwicz,* for appellee.