## 32878. LEWIS v. UNITED CALIFORNIA BANK.

JORDAN, Justice.

We granted certiorari in *Lewis v. United California Bank,* 143 Ga. App. 126 (237 SE2d 645) (1977), to examine the ruling in the first division of the opinion that certain business records offered in evidence by the bank were

admissible under Code Ann. § 38-711 (Ga. L. 1952, p. 177).

After further consideration we have determined that the ruling is correct and we affirm the decision of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only.*

ARGUED JANUARY 9, 1978 — DECIDED FEBRUARY 7, 1978 —
REHEARING DENIED FEBRUARY 28, 1978.

*Cook, Noell, Bates & Warnes, John S. Noell, Jr.,* for appellant.

*Pledger, Duderwicz & Prince, E. Phil Duderwicz,* for appellee.

BOWLES, Justice, concurring.

I concur with Justice Jordan in the judgment of affirmance, and in the result reached by the Court of Appeals. I feel, however, that the holding in *Martin v. Baldwin,* 215 Ga. 293 (110 SE2d 344), relied on by the appellant should be distinguished.

In that case the photostatic copies of the army discharge and army clinical records, produced from a Veterans Administration file, were declared to be inadmissible in evidence under Code Ann. § 38-711 as records made in the regular course of business of the Veterans Administration. They were obviously records of the War Department or the Defense Department, but were not offered with the necessary proof to show they were records of either department made in the regular course of either's business. Additionally, there was no proof that the records involved were made or received in the regular course of business of the Veterans Administration.

Where routine, factual documents are made by one business, transmitted or delivered to a second business, and there entered or kept by the second business in the regular course of the business of the receiving business, they can become business records of the receiving business. Where the proper statutory foundation is laid they may be admitted in evidence as business records of the

receiving business even though they were not initially prepared, made or produced by it. The test is not who made the original document constituting the event, act, transaction, or occurrence, but whether or not the document after it was made became a part of the business records of the person or firm having custody of the same. If this were not the purpose of Code Ann. § 38-711, utility bills, bills of lading, checks, drafts, weather reports and related day to day routine factual documents, when made by another, could never be admitted in evidence as business records of the receiving custodial party.

I am authorized to state that Justice Hall and Justice Hill join in this concurrence.