56954. ANDERSON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of a violation of the Georgia Controlled Substances Act by possession with intent to distribute and deliver marijuana. *Held:*

1. Defendant's challenge to the array of petit jurors was denied. The challenge was based on the ground that by placing all pending drug related offenses before the same panel of jurors, the state schemed to prejudice defendant by creating a false and malicious insinuation that drug activities had reached epidemic proportions in the county where this case was to be tried. There was no evidence in the transcript supporting this argument. See *White v. State,* 230 Ga. 327 (2) (196 SE2d 849) and *State v. Gould,* 232 Ga. 844 (2) (209 SE2d 312). There was no error.

2. Defendant complains that the trial court erred in sustaining an objection to his question to a prospective juror on voir dire. The question was whether the juror who had served in an earlier and unrelated case involving marijuana could decide this case which also involved marijuana as freely and impartially as any other type of criminal offense. The trial court in sustaining the objection ruled that the juror had in effect answered this question on her general voir dire when she had responded that she could be fair and impartial in the case as between the state and defendant. See Code § 59-806 (3). The control of voir dire examination is a matter that is within the discretion of the trial court. There was no abuse of that discretion. *Whitlock v. State,* 230 Ga. 700-705 (198 SE2d 865).

3. The trial court did not err in denying defendant's motion to dismiss the indictment for lack of a speedy trial. The defendant was arrested in April 1976 and indicted in October 1976. He was tried in May 1978. The defendant was released on bond shortly after arrest. At no time did he file a demand for trial. His allegation that the delay

was due to the state's purposeful scheme and plan is unsupported. The district attorney submitted reasons for the delay which appear reasonable under the circumstances. Defendant's argument that he was prejudiced by the delay was based on speculation and is thus unsupported by the record. Any claim that defendant's Sixth Amendment speedy trial right was violated is meritless. See *Harris v. Hopper,* 236 Ga. 389, 391 (224 SE2d 1).

4. The trial court did not err in denying numerous requests to charge on the law of entrapment. The charge given by the court on this defense was full and complete.

*Judgment affirmed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED
JANUARY 11, 1979.

*Patton & Hoyt, C. Ronald Patton, Wade C. Hoyt, III,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.