### 76003. MASTERS v. THE STATE.
(368 SE2d 557)

BIRDSONG, Chief Judge.

John Wayne Masters appeals from his conviction of the offenses of burglary and criminal damage to property. Teresa Kitchens, an employee of the Georgia State Patrol, lived in a mobile home in Jackson County. She worked the shift from 11:00 p.m. until 7:00 a.m. the following morning. On the morning of October 23, 1986, after she left work and did some shopping, she arrived at her mobile home around 9:10 a.m. and found an unknown car in her driveway. She wrote down the license number and walked up to her mobile home. As she reached the corner of the mobile home, she heard five or six gunshots inside the mobile home. She returned to her car and left. She saw a group of cable TV installers nearby and drove there for help. Several of the cable employees entered their truck and started toward her mobile home. They met a 1973 or 1974 silver, rusty Impala automobile driving away from Kitchens' mobile home. No one could positively identify the driver of the Impala. The license number was called in to the police and an officer went to the home of the defendant and then to the mobile home of the defendant's sister which was about 300 yards away. The silver Impala, with the license number recorded by Kitchens, was in the driveway. A check of the hood revealed that the engine was still warm.

When the police arrived at Kitchens' mobile home, they found Kitchens' pistol had been used to shoot five times through the side of the mobile home. The officers also found two Marlboro 100 cigarettes just outside the entrance. A check of all the officers at the burglary scene revealed that no one smoked Marlboro 100's. When the officer spoke to the defendant at his sister's mobile home, the officer asked Masters if he smoked. He said, "Yes." He was asked if he had any

cigarettes and he produced a package of Marlboro 100's. The Marlboro 100's given to the officer by the defendant and those found at Kitchens' mobile home were introduced in evidence. The officer who testified at that time said he also had smoked Marlboros for 19 years and was aware that each cigarette had a number at the point where the cigarette attaches to the filter. Defense counsel asked the witness to show him the number on the cigarettes found at Kitchens' mobile home. The witness "licked" the cigarette and the number "6" appeared on the cigarette at the base of the filter. Counsel then asked the witness to lick the cigarettes in the package taken from the defendant. The number "6" appeared on them. The witness testified that in his 19 years of smoking, every Marlboro 100 had the same number on each cigarette in the package and the same number on each cigarette in the entire carton.

The witnesses who saw the driver of the car when he left Kitchens' mobile home, could only say that he had "sandy-blonde" colored hair. The defendant does not now have "sandy-blonde" colored hair. It was described as "light brown." The witnesses stated that they did not get a good look at the driver of the car and could not be sure of his identity.

The approximate time that Ms. Kitchens arrived at her mobile home was 9:10 a.m. At that time, according to defendant's statement, he was at home, sleeping, with his car parked in front of his mobile home. Masters said he left his keys in the car while he slept, but told the police he "would have heard if someone drove his car off or if the engine cranked because it was only parked about twenty feet from the trailer." Masters said that he did not have a watch and the time was not quite clear in his mind. After he awoke, he drove over to his sister's mobile home and it was there that the police first saw him. The jury reached a finding of guilty on both counts and Masters brings this appeal. *Held*:

1. Viewing the evidence in the light favorable to the jury verdict, as we are required to do on appeal, we find it is sufficient to enable any rational trier of facts to find the existence of the offenses charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Over defendant's objection, the trial court allowed the State to introduce a certified copy of defendant's indictment, conviction and sentence for burglary of a dwelling house, committed in February 1980. The defense claimed the lack of similarity and passage of five years since conviction rendered it inadmissible. The State based its claim of admissibility upon the conviction's being a similar act, i.e., a burglary of a dwelling, with the intent to commit theft, as tending to show intent and bent of mind. The trial court agreed with the State. "[B]efore evidence of independent crimes is admissible two condi-

tions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515). Here, the defendant pled guilty to the former crime, both crimes were burglaries, both were of dwelling houses, and both were alleged as being committed for the purpose of theft. In essence, the issue is whether the former offense is relevant as tending to prove the latter. Evidence is relevant if it renders the desired inference more probable than it would be without the evidence. *Patterson v. State*, 233 Ga. 724, 725 (213 SE2d 612). Secondly, initial admissibility of evidence is a matter which rests largely within the sound discretion of the trial judge. *Alexander v. State*, 239 Ga. 108, 110 (236 SE2d 83). We find no abuse of discretion of the trial court admitting the prior burglary as tending to prove intent and bent of mind. See *Wright v. State*, 253 Ga. 1, 3 (316 SE2d 445); *Coggins v. State*, 168 Ga. App. 12 (4) (308 SE2d 36).

3. Defendant alleges error in the trial court "allowing in evidence [cross-examination of a witness] for the purpose of showing that the appellant had a general propensity for crime." The prosecutor asked the defendant's mother, who appeared as a witness on his behalf, if she was aware of his prior conviction for burglary. Counsel placed no objection to the question and answer. Kathy Thornton, defendant's sister, was asked the same question and counsel objected and moved for a mistrial. The objection was overruled and the mistrial motion denied. The general rule is that admitting arguendo the evidence would not be admissible, where the same fact has been admitted in evidence before the jury, without objection, such admitted evidence renders harmless admission of the same evidence over objection. *Payne v. State*, 152 Ga. App. 471, 473 (263 SE2d 251); *Tuggle v. State*, 149 Ga. App. 844, 845 (256 SE2d 104). A defendant cannot be harmed legally by admission of evidence which has already been placed before the jury, without objection.

4. Defendant contends the trial court improperly restricted him from introducing evidence "that another person committed the crime for which appellant was charged." " 'In the trial of an accused, it is always proper and relevant for the accused to introduce evidence to show that someone else, and not the accused, is the guilty party.' " *Bell v. State*, 227 Ga. 800, 806 (183 SE2d 357). However, the evidence sought to be introduced in the instant case was the presence of one Homer Stephens near the site of the burglary on the evening preceding its commission. The trial court admitted evidence that Homer Stephens had taken Masters' car before, without permission, and had "sandy-blonde" hair and permitted his recall by defendant's counsel

for additional questioning. Stephens maintained that Masters had taken him from Jackson County to Winder the night before the burglary and left him at a pool hall. There was other evidence that Masters was babysitting for his sister on the evening before the burglary. However, there is no disputing the fact that whoever was driving the car found in the possession of Masters before and after the burglary, was the party who was in Kitchens' mobile home. Masters made a statement to the police that "[n]obody has driven my car today. . . . While I was at my trailer [from 8:40 a.m. for approximately "forty or fifty minutes"], the car was parked in the front yard of my trailer with the keys in the switch. I would have heard if someone drove my car off or if the engine cranked, because it's only parked about twenty feet from the trailer."

The evidence excluded was that Stephens was seen in the area near the burglarized mobile home on the evening before the burglary. The trial court explained the reason for his ruling to counsel, i.e., unless he could place Stephens in the car at the time of the burglary, he saw no relevance in testimony he had been seen in the area of the burglary the night before, but if Stephens had been seen in the area on the morning of the burglary, he would admit such testimony.

The trial court initially determines admissibility of evidence and has great discretion in determining relevancy. *Baker v. State*, 246 Ga. 317, 319 (271 SE2d 360). And, in the absence of abuse of such discretion, an appellate court will not interfere. *Downs v. State*, 145 Ga. App. 588, 593 (244 SE2d 113). We have found no abuse of discretion.

5. Defendant enumerates as error the State's failing to provide him with copies of statements of witnesses, prior to trial, in which the driver of the car departing the burglary site was described as having "sandy-blonde" hair. Defendant filed a *Brady* motion requesting exculpatory evidence in the State's file. The State possessed such evidence. It was exculpatory and should have been presented to defendant's counsel in response to the *Brady* request. At the beginning of the trial, the motion was discussed and defendant's counsel made known to the judge that he was aware of such statements. The court remarked that if such statements existed they should have been given to him. The assistant district attorney then stated that counsel must be referring to his witnesses' statements describing the driver as having "sandy-blonde" hair. One witness described defendant's hair color as "light brown." The statements were provided to defendant's counsel prior to the beginning of the testimony, but after the jury had been impaneled. Counsel was offered the opportunity to examine the witnesses before they testified and accepted. Defendant's motion for mistrial was denied.

The U. S. Supreme Court noted, in *United States v. Agurs*, 427 U. S. 97, 103 (96 SC 2392, 49 LE2d 342), that the *Brady* rule "argua-

bly applies in three quite different situations. Each involves the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." Our Supreme Court has held that when such evidence is made available during the trial but prior to the witness testifying there is no reversible error. *Goodman v. State*, 255 Ga. 226, 228 (336 SE2d 757); *Castell v. State*, 250 Ga. 776, 781 (301 SE2d 234). Further, defendant has not shown prejudice resulting from any failure to disclose such testimony prior to trial. See *Tribble v. State*, 248 Ga. 274 (280 SE2d 352); *Baker v. State*, 245 Ga. 657, 662 (266 SE2d 477). We find no reversible error.

6. Inasmuch as there was sufficient circumstantial evidence to enable any rational trier of facts to find the existence of the offenses charged, beyond a reasonable doubt, it was not error for the trial court to deny defendant's motion for a directed verdict. *Kennedy v. State*, 253 Ga. 132 (1) (317 SE2d 822); *Lee v. State*, 247 Ga. 411, 412 (276 SE2d 590).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED APRIL 6, 1988.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.