A90A0933. BROWN v. THE STATE.
(394 SE2d 378)

McMURRAY, Presiding Judge.

Via indictment, defendant David Wayne Brown was accused of committing the offense of arson in the first degree in that on or about January 3, 1989, he set fire to "a mobile home used as a dwelling house of Lucille Brown . . . without her consent. . . ." A jury found defendant guilty and he was sentenced to serve eight years in confinement. Following the denial of his motion for a new trial, defendant appealed. *Held*:

1. Contending the prosecution failed to prove lack of consent, defendant enumerates error upon the general grounds. We acknowledge the absence of direct evidence regarding the lack of consent to the burning of the mobile home. We note, however, that the lack of such consent can be established by circumstantial evidence. See, e.g., *In re M. E. H.*, 180 Ga. App. 591, 594 (3) (349 SE2d 814). The trial revealed the following facts in the case sub judice:

Defendant occupied the mobile home with his wife, Lucille Brown. He and his wife were experiencing marital difficulties and, about two weeks before the fire, defendant told a neighbor that he was going to burn the mobile home. On the night in question, defend-

ant's wife was not home. She was staying with her mother and defendant was home alone.

The fire was started in the early morning hours. The fire inspector opined that it was set deliberately.

A neighbor testified that he saw defendant in the front door of the mobile home as the fire burned; and that, when defendant saw the neighbor, he ran out the back of the mobile home. A fireman testified that defendant repeatedly asked if the fire was "arson." At the scene, defendant told the firemen that he was sleeping when the fire broke out. Testifying at trial, defendant admitted that he lied to the firemen; that, indeed, he was awake when the fire started.

"A person commits arson in the first degree when by means of fire or explosives he knowingly damages 'any dwelling house of another without his consent . . .' Code Ann. § 26-1401 [now OCGA § 16-7-60]. . . . The offense is committed whether the dwelling house is occupied, unoccupied, or vacant and whether the premises are the property of the defendant or of another. Lawful occupancy by one in charge constitutes ownership as contemplated by the statute, and the question of legal title is not involved. [Cits.]" *Tukes v. State*, 125 Ga. App. 831 (189 SE2d 135).

In the case sub judice, we find the circumstantial evidence sufficient to enable any rational trier of fact to find defendant guilty of knowingly damaging the dwelling of Lucille Brown by means of fire without her consent. See *Metts v. State*, 162 Ga. App. 641 (1) (291 SE2d 405).

2. Defendant contends the trial court erred in failing to assign him an appointed attorney because he was indigent. Inasmuch as defendant was ably represented by counsel at trial, we fail to see how defendant was harmed by the failure to appoint an attorney to represent him. This contention is without merit.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 4, 1990.

*Jerry W. Loftin,* for appellant.
*William G. Hamrick, Jr.,* District Attorney, *Agnes T. McCabe, Assistant District Attorney,* for appellee.