## A90A0879. DANIEL v. THE STATE.
(395 SE2d 638)

BANKE, Presiding Judge.

The appellant was found guilty on an indictment charging him with armed robbery, aggravated assault with intent to murder or rob, aggravated assault with a deadly weapon, and possession of a knife during the commission of a crime. He brings this appeal from the denial of his motion for new trial.

On June 1, 1989, a black male grabbed the manager of a pharmacy in Rome, Georgia, put a knife to her side, and said: "Give me the money, bitch. Don't make a sound or I'll kill you." When the manager failed to enter the proper code to open the cash register, the assailant pulled her to the back of the store and repeatedly stabbed her, piercing her lung and lacerating an artery. The only other person present at the time was the store's pharmacist, who testified that he

had been too far away to identify the assailant but that he remembered having seen the appellant in the store some three or four weeks previously, at which time he (the appellant) had called the manager a "white bitch" after she asked him to refrain from talking to the store employees in a derogatory manner. Two individuals who had known the appellant for many years subsequently provided information to police implicating him in the offenses, and he was thereafter identified by the victim from a photographic lineup. The appellant presented an alibi defense at trial and sought to establish that the offenses had been committed by an individual named Alonzo Perkins. *Held*:

1. The appellant contends that the court erred in excluding evidence that Mr. Perkins had recently committed a similar armed robbery and that he fit the description of the assailant which had been provided to the police by the pharmacist. However, it was shown that a photograph of Perkins had been included in the array of photographs from which the victim in the present case had identified the appellant; and in the absence of any evidence actually linking him to the offenses for which the appellant was on trial, we hold that the court did not abuse its discretion in excluding as irrelevant the proffered evidence concerning Perkins' criminal record and physical description. See generally *Masters v. State*, 186 Ga. App. 795 (4) (368 SE2d 557) (1988).

2. The appellant contends that the trial court erred in refusing to allow the victim's doctor, a general practitioner, to be cross-examined with regard to certain statements the victim had made to him after the attack concerning her fear of black men. The court refused to permit such questioning based on a determination that the statements were protected by the patient-psychiatrist privilege because they involved "the areas that he treated the patient as a psychiatrist."

Upon inquiry by the trial court as to what he expected the questioning at issue to prove, the appellant's attorney replied that "there may be some other relevant information in his file, which he has . . . refused to . . . give us until the court orders him to go on the stand." This was the sort of "fishing expedition" which was held impermissible in *Bobo v. State*, 256 Ga. 357 (4) (349 SE2d 690) (1986). Moreover, the transcript reflects that defense counsel was in fact allowed access to the witness' medical records concerning the victim. Consequently, this enumeration establishes no ground for reversal.

3. The appellant contends that the trial court erred in refusing to declare a mistrial based on the introduction of several photographs showing a knife which had been seized from his immediate presence at the time of his arrest, but which was apparently not the knife with which the victim had been assaulted. This enumeration of error is wholly without merit. In the first place, " '[i]t is well settled that all

of the circumstances connected with an accused's arrest, including any items taken from his person, are admissible as evidence at trial. . . . [Cits.]' " *Shaw v. State,* 179 Ga. App. 807, 809 (3) (348 SE2d 132) (1986). In the second place, the court excluded the photographs in question from evidence in response to the appellant's motion for a mistrial and instructed the jury to disregard completely any testimony concerning them.

4. The appellant contends that the trial court similarly erred in refusing to declare a mistrial after a state's witness volunteered the statement that "numerous threats" had been made against him because of his cooperation with the police investigation. In denying this motion for mistrial, the judge observed that the witness had not accused the appellant of having made the threats, stating that it was his impression that the witness had been referring to a "community type of response" to his cooperation with the police. We hold that, viewed in the context of the other evidence in the case, the witness's statement was not so inherently prejudicial as to require the declaration of a mistrial. See generally *Black v. State,* 190 Ga. App. 137, 138 (2) (378 SE2d 342) (1989); *Harris v. State,* 190 Ga. App. 343, 346 (2) (378 SE2d 912) (1989).

5. The appellant contends that the trial court erred in refusing to merge the charge of aggravated assault with intent to murder or rob with the charge of aggravated assault with a deadly weapon. However, these two charges in fact were merged for sentencing. Consequently, this enumeration of error presents nothing for review. See generally *Mobley v. State,* 101 Ga. App. 317 (4) (113 SE2d 654) (1960).

6. The trial court did not err in refusing to give the appellant's requested charge that the "[i]nterest of a witness in result of suit, such as anticipated reward proceeds, may always be considered in passing on his credibility. . . ." This was, of course, a criminal prosecution rather than a "suit"; and in instructing the jury on its obligation to judge the credibility of the witnesses, the trial court specifically charged that the "interest or lack of interest" of a witness was among the factors to be considered. " 'It is well established that a requested charge need not be given unless it embraces a correct and complete principle of law and has not otherwise been included in the trial court's instruction to the jury.' " *Daniels v. State,* 183 Ga. App. 222, 223 (2) (358 SE2d 637) (1987). Accord *Powell v. State,* 192 Ga. App. 688 (2) (385 SE2d 772) (1989).

7. The action of the trial court in correcting the original sentence to bring it in compliance with the recidivist punishment requirements of OCGA § 17-10-7 (a), "was not only authorized but required. [Cits.]" *Wallace v. State,* 175 Ga. App. 685, 687 (5) (333 SE2d 874) (1985).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 29, 1990.

*Hine, Carroll & Niedrach, Edward Hine, Jr., John F. McClellan, Jr.,* for appellant.
*Stephen F. Lanier, District Attorney,* for appellee.