## A91A0948. COLLINS v. THE STATE.
### (411 SE2d 341)

POPE, Judge.

James Lamar Collins was indicted for arson in the first degree, criminal trespass and criminal damage to property in the second degree. He was found guilty of the arson and criminal damage to property charges, and appeals.

1. Defendant contends that the evidence was not sufficient to support his conviction on the arson charge because it was wholly circumstantial and did not exclude every reasonable hypothesis save that of his guilt. The evidence showed that defendant and Annie Mae Rakestraw had dated for some eight months, but began having problems in late 1987. Rakestraw attempted to end the relationship but defendant continued to call her, sometimes three or four times a day. On February 16, 1988, defendant went to Rakestraw's home "wanting to talk," but they argued and she made him leave. As soon as he went outside, Rakestraw heard glass break and found the windshield had been broken out of the pickup truck parked in her garage.

---

Defendant admitted breaking out the window in a telephone conversation with Rakestraw later that evening.

Rakestraw testified that the next night, after she had returned from church and put her six children to bed, defendant called four or five times wanting to come by and talk to her. The last time he called at 1:00 a.m. he told her he was coming over, but she removed the phone from the hook and went back to sleep. During the course of their relationship defendant had established a pattern of waking Rakestraw when he came by at night by knocking on her bedroom window, and she would let him in through the kitchen door that opened into the garage. When she heard defendant knocking on her window on the night in question, Rakestraw yelled at him to leave as she was not going to let him in. Shortly thereafter, she heard noises at the kitchen door and called the police, who arrived to find the pickup truck and garage on fire. After they had removed the children and Rakestraw's father from the house, the police found defendant less than two blocks from the scene.

An arson investigator who had been called to the scene testified that the fire was intentionally set by someone using a flammable liquid that left no odor. The fire was started in the cab of the truck and spread into the garage area, causing extensive smoke damage in the house. Defendant admitted breaking the truck windshield on February 16, but denied being present the night of the fire. Another witness testified that he thought he saw Rakestraw's ex-husband, Nathan Rakestraw, standing across the street watching the fire, but Nathan Rakestraw denied being there or wanting to harm his children. A rebuttal witness testified that she picked Nathan Rakestraw up at work at 1:00 to 1:30 a.m. on February 18, and took him home some distance away.

Reviewing the transcript in the light most favorable to the verdict, we find the circumstantial evidence sufficient to enable any rational trier of fact to find the defendant guilty of arson in the first degree (OCGA § 16-7-60). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 195 Ga. App. 532 (1) (394 SE2d 378) (1990).

2. Defendant's assertion that the trial court erred in refusing to allow him to preserve the record in regard to the striking of two jurors for non-racially neutral reasons is without merit. The trial court overruled defendant's objection on the ground that the defense had failed to establish a prima facie case pursuant to *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), because three black jurors had been chosen and there were only five black persons on the panel of 42 prospective jurors; thus the percentage of blacks on the jury was actually higher than in the panel from which they were chosen. " 'Since the percentage of blacks on the jury was, as a result of the

use of peremptory strikes, higher than that of the panel from which they were chosen, appellant did not show a prima facie case of discrimination. (Cit.)' [Cits.]" *Ponder v. State*, 194 Ga. App. 446, 449 (6) (390 SE2d 869) (1990).

3. Defendant complains that his motion to reopen the evidence, made after the jury had been in deliberation for several hours, was improperly denied. Defense counsel told the court that Rakestraw stated after she learned that a witness had testified her ex-husband was across the street from her house on the night of the fire that had she known he was there, "she would have recommended to the police that he be arrested as opposed to defendant based on her good faith belief . . . [and her] knowledge of his character." "However, the trial court is under no duty to reopen the evidence after jury deliberations have been commenced to admit evidence . . . the defendant neglected to present during the evidentiary phase of the trial. It is within the discretion of the trial judge to decide 'whether or not . . . the evidence should be reopened and new evidence admitted.' [Cit.]" *Brown v. State*, 188 Ga. App. 282, 283 (372 SE2d 838) (1988). Accord *Killens v. State*, 184 Ga. App. 717, 721 (5) (362 SE2d 425) (1987). Since the statement which defendant wished to have admitted is of dubious relevance, we find no abuse of discretion.

4. Defendant's enumeration urging that the State was erroneously allowed to argue facts which were not in evidence cannot be sustained as the alleged improper argument does not appear in the record. This court has reiterated on numerous occasions that: "[e]rror must be shown affirmatively by the record, and not by mere recitations in a brief. [Cits.]" *Standridge v. State*, 196 Ga. App. 697, 698 (3) (396 SE2d 804) (1990). We find no grounds for reversal.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1991.

*Watson & Watson, Herman A. Watson III*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.