A92A1257. KARVONEN v. THE STATE.
(424 SE2d 47)

JOHNSON, Judge.

James Karvonen appeals from his conviction of three counts of child molestation and the denial of his motion for a new trial.

1. Karvonen contends that the trial court erred in denying his motion for a new trial on the basis of newly-discovered evidence. This newly-discovered evidence consists of the post-trial declaration of the victim, Karvonen's ten-year-old nephew, that he lied when he testified that Karvonen had molested him. "The law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial." (Citation and punctuation omitted.) *Cato v. State*, 195 Ga. App. 619, 620 (2) (394 SE2d 413) (1990); *Richey v. State*, 132 Ga. App. 188 (207 SE2d 672) (1974). Accordingly, the court did not err in denying Karvonen's motion for a new trial on this ground.

2. Karvonen claims that the trial court erred in denying his motion for a new trial because he was denied effective assistance of counsel. This claim is without merit.

"There are two components to a claim for ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the defense was prejudiced by the deficient performance. Both components must be shown before we can find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citation and punctuation omitted.) *Whitner v. State*, 202 Ga. App. 608 (415 SE2d 52) (1992). Here, Karvonen claims that his trial counsel

was ineffective because he failed to interview the two alleged victims prior to trial. At the hearing on the motion for new trial, however, the attorney testified that he attempted to interview the alleged victims, but was denied access to the children by their legal guardian. Further, the trial transcript shows that the attorney thoroughly cross-examined both of the alleged victims. In fact, one of the children testified on cross-examination that he did not remember Karvonen ever molesting him and Karvonen was acquitted as to all charges relating to that child. Karvonen has failed to show either of the components required to support a claim for ineffective assistance of counsel.

Karvonen also claims that his attorney was ineffective because he failed to call a medical expert as a defense witness. "The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." (Citations and punctuation omitted.) *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992).

Karvonen further complains that his attorney was inadequate because he failed to object when the State's expert witness, the pediatrician who examined the victim, testified as to the ultimate issue in the case. The expert, however, did not testify as to the ultimate issue in the case. He testified that in his opinion the child had been molested, but he made no comment as to whether Karvonen was the molester. Thus, the expert's opinion testimony was not objectionable. OCGA § 24-9-67.

"The burden is on the defendant to establish his claim of ineffective assistance of counsel. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citation and punctuation omitted.) *Cauley*, supra at 301. The trial court's finding in this case was not clearly erroneous and therefore it must be upheld.

3. In his final enumeration, Karvonen alleges that the trial court erred in refusing to allow him to introduce evidence to show that someone else committed the molestations, in failing to explain its ruling and in failing to allow him to make a proffer of evidence. These allegations are unfounded.

Karvonen attempted to question a State's witness as to whether he was aware that another man babysat the victim prior to the molestations. The court sustained the State's objection to the question on the ground that such testimony was not relevant without some evi-

dence actually linking the other person to the offenses for which Karvonen was on trial. Karvonen made no such showing. "The trial court initially determines admissibility of evidence and has great discretion in determining relevancy. And, in the absence of abuse of such discretion, an appellate court will not interfere." (Citations and punctuation omitted.) *Masters v. State*, 186 Ga. App. 795, 798 (4) (368 SE2d 557) (1988). We find that the trial court did not abuse its discretion in sustaining the State's objection. See *Daniel v. State*, 196 Ga. App. 160 (1) (395 SE2d 638) (1990). Even if the court had erred, no reversal is required because Karvonen has shown no harm. *Butts v. State*, 198 Ga. App. 368 (4) (401 SE2d 763) (1991). Karvonen was allowed to introduce evidence that another man babysat the victim through four other witnesses and his attorney was allowed to comment upon this evidence during closing arguments.

Karvonen's allegations that the trial court did not explain its reasons for sustaining the State's objection and did not allow Karvonen to make an offer of proof are not supported by the record. "This court has reiterated on numerous occasions that error must be shown affirmatively by the record and not by mere recitations in a brief." (Citations and punctuation omitted.) *Collins v. State*, 201 Ga. App. 433, 435 (4) (411 SE2d 341) (1991). For the foregoing reasons, Karvonen's final enumeration of error is without merit.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 20, 1992 —

*Robert L. Waller III, Leslie J. Cardin*, for appellant.
*Thomas C. Lawler III*, District Attorney, *Dan W. Mayfield, Debra K. Turner*, Assistant District Attorneys, for appellee.