A93A0927. JACKSON v. THE STATE.
(433 SE2d 655)

BEASLEY, Presiding Judge.

Appellant was convicted of conspiracy to commit theft by deception, OCGA § 16-8-3, and arson in the first degree, OCGA § 16-7-60. The indictment named his wife, Sandra Jackson, a/k/a Sandra McCloud, and Lenora Mitchell, a/k/a Lynn Mitchell, among others, as conspirators.

The evidence showed that Mitchell sold a house located at 250 Camelot Drive in Fayetteville, Georgia, to appellant Marcellous and Sandra Jackson for $424,000, even though the fair market value of the house was no greater than $312,000.

As part of the application to the mortgage loan company, Ameristar Financial Corp., the Jacksons submitted a property appraisal which contained false information as to comparable properties. They stated on the loan application that they had various assets, including $175,000 in an identified Bank South account, but a Bank South employee testified that there were no more than several hundred dollars in this account at any time. They falsely stated that their combined income was $18,000 per month and that appellant's individual income was $12,400 per month. Appellant misrepresented the nature and size of his business. They delivered three certified checks to Mitchell as a purported $64,000 escrow payment, but these were actually alterations of previously-dated certified checks payable to and from conspirators. A lapsed homeowners' insurance policy on the house was reinstated by them shortly before the house was damaged by fire. They insured the personal property in the house for $344,000, even though the house was sparsely furnished, and the home for $492,000.

Prior to the fire, the Jacksons reported a fire in the kitchen. Sandra stated that a pan of hot, smoking bacon grease had ignited spontaneously after she left it on the counter. A Fayette County fire chief testified that the fire could not have started in that manner.

Appellant later reported to the police that someone broke into his house, stole several items, attempted to commit arson by severing gas lines in the basement, and wrote a racial epithet on a piece of plywood in the basement. There were no signs of forced entry.

Within one week, the fire occurred. Again, a racial epithet was written in the house. Again, there were no signs of forced entry. The Jacksons filed an insurance claim.

A neighbor testified that the house was always bustling with activity but was vacant on the weekend of the fire, and that shortly

before the fire, a pickup truck was loaded with household effects as though someone was moving in or out. Long-time black residents in the neighborhood testified that there had been no racial problems.

1. Appellant enumerates error in the admission of documents from the Jacksons' mortgage loan package over objection that the State had not laid a proper foundation under the business records exception to the hearsay rule, OCGA § 24-3-14.

An employee of GE Capital Mortgage Services testified that GE purchases mortgages from loan originators, such as Ameristar with whom GE has a correspondent relationship, and sells the mortgages in the secondary mortgage market. Ameristar transferred the Jacksons' mortgage on the Camelot Drive residence to Travelers Mortgage Services, and GE acquired Travelers. In her capacity as a GE employee, one of the witness' duties is to review loan packages and verify the accuracy of information contained in the documents. The witness reviewed the Jacksons' mortgage to determine if it was acceptable for sale in the secondary market and rejected it because of numerous irregularities.

Citing *Martin v. Baldwin*, 215 Ga. 293, 302 (2d) (110 SE2d 344) (1959) and *Moore v. State*, 154 Ga. App. 535 (268 SE2d 706) (1980), appellant argues that these documents were business records of Ameristar, which required the testimony of an Ameristar employee and were not admissible as business records of GE simply because they were contained in its file.

*Martin* held that records of the Defense Department produced from a file of the Veterans' Administration (VA) were not admissible as business records of the VA, as they were not offered as a memorandum or record of an act, occurrence, or event of the VA and there was no proof that they were records of the Defense Department made in the regular course of its business.

*Moore* held that letters by the VA to the Department of Family & Children Services (DFACS) were not admissible as business records of DFACS without proof that the records were made in the regular course of VA business, although there was proof that the documents were kept in the regular course of DFACS business.

The GE employee's testimony authorized the trial court to find that the documents in this loan package were made in the regular course of Ameristar's business. The employee testified that she acquired the documents in the loan package in the normal course of business and that the documents in the package are maintained by her in the normal course of business.

This case is thus more akin to *Lewis v. United California Bank*, 143 Ga. App. 126 (1) (237 SE2d 645) (1977), aff'd 240 Ga. 823 (242 SE2d 581) (1978), and *Childs v. Logan Motor Co.*, 103 Ga. App. 633, 634 (1) (120 SE2d 138) (1961), than *Martin* and *Moore. Lewis* and

*Childs* allow the records of one business to be admitted as business records of another business where routine, factual documents made by one business are transmitted and delivered to a second business and there entered in the regular course of business of the receiving business. *Lewis*, supra, 240 Ga. at 824 (Bowles, Hall, and Hill, JJ., concurring).

Admission of these documents was not error.

2. Appellant enumerates error in the admission of statements of a C & S National Bank checking account maintained by Sandra McCloud showing a balance of no more than $2,000 or $3,000. This evidence was admitted for the purpose of showing that she did not have the funds she and appellant represented they had in the mortgage loan application.

Appellant objected on grounds that the evidence was irrelevant and immaterial in that appellant and not Sandra McCloud was on trial. However, the indictment alleged that Sandra Jackson was also known as Sandra McCloud, and the name Sandra McCloud appeared on one of the original certified checks which was altered so as to make it falsely appear that the Jacksons had made escrow payments. The indictment alleged that the Jacksons' falsification of the loan application was one of the conspiracy's overt acts. The bank statements were relevant to show that appellant's co-conspirator committed that overt act. It was thus admissible against appellant, since each of the participants in a conspiracy is responsible for the acts of the others. *Causey v. State*, 154 Ga. App. 76, 79 (2) (267 SE2d 475) (1980).

3. Appellant enumerates as error the court's refusal to declare a mistrial after the State introduced evidence that appellant had failed to file state income tax returns from 1980 until 1990. This evidence tended to establish that appellant did not have the income stated by him on the mortgage loan application. Appellant argues that this also established his commission of an independent crime and impermissibly placed his character in evidence.

Appellant also complains of the court's refusal to declare a mistrial after a witness testified that appellant and his wife were having marital problems and appellant had told him that before he would let her leave him in debt, "I'd shoot her, set all this s____ on fire." This evidence showed a prior threat by appellant to commit arson and another motive for committing the crimes. Appellant argues that this evidence impermissibly placed his character in issue.

" ' "Evidence relevant to an issue in the case is not rendered inadmissible because it may incidentally impugn the character of an accused where character is not otherwise in issue." (Cits.)' (Punctuation and citations omitted.) [Cit.] 'What is forbidden is the State's introduction in the first instance of evidence whose sole probative value is that it tends to show a defendant's bad character. (Cit.)'

[Cit.]" *Turner v. State*, 202 Ga. App. 799, 801 (2) (415 SE2d 524) (1992); see *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992) (evidence of motive is admissible even if it incidentally places the defendant's character in issue).

It was not an abuse of discretion to admit the evidence or deny the requests for a mistrial.

4. The next enumerated error is the admission of certified copies of a security deed from the Jacksons to Ameristar and an assignment of Ameristar's rights in the security deed to Travelers.

Appellant argues that although the certification by the superior court clerk is proof of the genuineness of the documents, there was no proof that his signature on the security deed was genuine, and without such proof this evidence was immaterial. Appellant maintains that such proof was required by OCGA § 24-7-5. The security deed and other documents were admissible under OCGA § 24-7-20 based upon the clerk's certification alone, eliminating this objection to materiality.

5. Appellant contends that the court erred in failing to direct verdicts of acquittal in light of the insufficiency of properly admitted evidence tending to prove the State's case.

There was ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Mason v. State*, 199 Ga. App. 691, 693 (1) (405 SE2d 747) (1991).

6. Enumerated as error is the court's alleged failure to properly administer the OCGA § 15-12-164 voir dire questions to prospective jurors, by not first identifying the accused and the charges against him to two panels.

After the prosecuting attorney asked voir dire questions of the first panel of prospective jurors,[1] appellant complained that counsel had asked whether the prospective jurors had formed any opinion as to the guilt or innocence of the accused without informing them of the charges. The court stated, "I just told them," but that is not reflected in the record. The record does show that after the statutory questions were administered to all the remaining three panels, the court informed all but one of them of the charges against appellant and asked if they had any knowledge concerning the charges. The court failed to do this with respect to the third panel, but appellant raised no objection.

Conduct of the voir dire is within the discretion of the trial court, *Anderson v. State*, 148 Ga. App. 683 (2) (252 SE2d 187) (1979), bounded by the law. "[F]or many years these statutory questions had

---

[1] OCGA § 15-12-133 directs the *court* to do it.

to be propounded to the jurors individually and that was the limit of interrogation to which a juror could be subjected as a matter of right. [Cits.]" *Arnold v. State*, 236 Ga. 534, 539 (6) (224 SE2d 386) (1976). In 1951 the law was amended to allow the statutory questions to be put to the jurors as a group and to give both state and defendant the right to individual examination after administration of a preliminary oath to the panel and the asking of the usual voir dire questions. Ga. L. 1951, p. 214, § 2.

Appellant was afforded the opportunity to individually examine all prospective jurors after the statutory questions. The court was not required to inform the prospective jurors of the charges against appellant *prior* to their individual examination by defense counsel, although it is preferable to give them this context in which to consider the questions and their responses. The limits of discretion were not exceeded in the court's conduct of voir dire.

7. Appellant contends that the court erred in rejecting his claim of ineffective assistance of hired trial counsel and denying his motion for new trial on that ground. Two instances of ineffectiveness are cited: counsel's failure to present an alibi witness who would have testified that appellant was at his place of business at the time of the fire, and counsel's failure to properly investigate exculpatory evidence that the Ku Klux Klan had started the fire.

Trial counsel was not subpoenaed to testify at the hearing on the motion for new trial. Concerning the alibi defense, the court noted that the fire was started by delayed ignition, so an alibi would have been of no effect. The evidence concerning Ku Klux Klan involvement came from appellant's stepchild who told police that her schoolmate had told her that. The police questioned the schoolmate, and he said he had heard this statement on television. It was made on television by appellant. Since counsel did not testify at the hearing on the motion for new trial, the court ruled, correctly, that it could only assume that counsel determined this would not help the defense and rejected it, and thereby saving the right to close the argument.

On appeal, appellant correctly states that the evidence did not show that the fire was caused by delayed ignition. Nonetheless, "[t]he defendant has the burden of proving ineffectiveness by showing, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. [Cit.] The first inquiry centers on whether counsel's performance was reasonable under the circumstances in light of the strong presumption that all significant decisions were made in the exercise of reasonable professional judgment. [Cit.] Secondly, even if the presumption is overcome, the defendant must prove 'that there is a reasonable probability . . . that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (Cit.)' [Cit.]" *Dryer v. State*, 205 Ga. App.

671, 673 (3) (423 SE2d 297) (1992).

Appellant has not overcome the presumption that counsel's failure to call the alibi witness was made in the exercise of reasonable professional judgment. The court's finding that appellant received effective assistance of counsel is not clearly erroneous. *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992). Rejection of such a claim, moreover, need only be based on a finding that appellant failed to establish ineffectiveness. The burden is on appellant to do so, *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992), not on the State to prove effectiveness.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED JUNE 25, 1993.

*Ballard & Ballard, Scott L. Ballard, John P. Hutchins*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.

