A07A0194. BOYD v. CALVARY PORTFOLIO SERVICES, INC.
(646 SE2d 496)

RUFFIN, Judge.

Norma Boyd purchased a vehicle, and the finance contract on the vehicle was assigned to AmeriCredit Financial Services, Inc. The vehicle was later repossessed and sold at auction. AmeriCredit sought to recover a deficiency of $7,259.59 from Boyd. AmeriCredit

---

then sold the account, and Calvary Portfolio Services, Inc. brought a collection action against Boyd to recover the deficiency. Boyd counterclaimed, alleging violations of the Motor Vehicle Sales Finance Act, Fair Debt Collection Practices Act, and Georgia law on repossession. Calvary moved for summary judgment, which the trial court granted. Boyd appeals and, for reasons that follow, we affirm.

1. Boyd first argues that the trial court erred in granting summary judgment because it relied on inadmissible hearsay in making its decision. On appeal from the grant of a motion for summary judgment, we conduct a de novo review to determine whether the trial court erred in concluding that no genuine issue of material fact existed and that the moving party was entitled to judgment as a matter of law.[1] Here, Calvary submitted two affidavits in support of its motion for summary judgment, both from employees of Calvary. The affidavits refer to attached documents which reflect the various transactions among Boyd, AmeriCredit, and Calvary. Boyd contends that these affidavits merely recount facts which are hearsay, as "[t]he record does not show that either of these men had any association with the account at all until it was assigned for collection, and the accuracy of their conclusions depends entirely on the accuracy of the records of Ameri[C]redit[,] to which they cannot attest."

"[W]here routine, factual documents made by one business are transmitted and delivered to a second business and there entered in the regular course of business of the receiving business," such documents are admissible under OCGA § 24-3-14 (b).[2] In *Jackson*, we affirmed the trial court's admission of mortgage loan documents on the testimony of an employee of the company, which had purchased the mortgage after it was made.[3] This is an analogous situation — Calvary purchased Boyd's account in the regular course of its business and received from AmeriCredit routine factual documents that became part of its own business records. And Georgia law favors the admission of evidence of even doubtful relevance or competency, with the weight to be given it left to the trier of fact.[4] Under these circumstances, any lack of personal knowledge by the affiants of the specific facts in the documents "would go to the weight of the

---

[1] See *Chapman v. C. C. Dickson Co.*, 273 Ga. App. 640, 641 (1) (616 SE2d 478) (2005).

[2] *Jackson v. State*, 209 Ga. App. 217, 219 (1) (433 SE2d 655) (1993); see *Walter R. Thomas Assoc. v. Media Dynamite*, 284 Ga. App. 413, 416 (1) (a) (643 SE2d 883) (2007). OCGA § 24-3-14 (b) is the Business Records Act, an exception to the hearsay rule.

[3] See *Jackson*, supra at 218.

[4] See *Tensar Earth Technologies v. City of Atlanta*, 267 Ga. App. 45, 48-49 (2) (598 SE2d 815) (2004).

evidence, not its admissibility."[5] Accordingly, documents attached to the affidavits were properly admitted as business records of Calvary, and the trial court did not err in granting summary judgment based on the evidence contained therein.[6]

2. Boyd also contends that the trial court erred in granting summary judgment on her counterclaims "because the counterclaims were not addressed in [Calvary's] motion or pierced by any admissible evidence." Calvary requested that the trial court enter summary judgment in its favor "upon the whole case" because "there is no genuine issue as to any material fact and . . . [Calvary] is entitled to [j]udgment as a matter of law," but did not specifically address the counterclaims in its motion or in the brief in support of the motion. The trial court made no mention of the counterclaims in its order.

Boyd was not required to present evidence in support of her counterclaims until Calvary pierced the allegations contained therein.[7] "Nothing in the applicable law places a burden on [the nonmovant] to respond to issues which are not raised in the motion for summary judgment."[8] But a trial court may grant summary judgment sua sponte under certain circumstances, so long as it "ensure[s] that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment."[9] Here, all of Boyd's counterclaims alleged wrongful conduct in the repossession process. They arise out of the same set of facts that Boyd was required to address in responding to the motion for summary judgment, and the trial court necessarily resolved all issues in favor of Calvary in granting it summary judgment on the deficiency claim. We note that Boyd, in response to the motion for summary judgment, merely challenged the admissibility of Calvary's affidavits on the basis set forth in Division 1 and presented no affirmative evidence to refute Calvary's assertions. Because in this instance summary judgment in favor of Calvary was dispositive of the issues raised by Boyd's counterclaims, the trial court did not err in also granting summary judgment to Calvary on Boyd's counterclaims.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[5] *Intl. Biochemical Indus. v. Jamestown Mgmt. Corp.*, 262 Ga. App. 770, 776 (3) (586 SE2d 442) (2003).

[6] See *Jackson,* supra; *Walter R. Thomas,* supra.

[7] See *Knight v. American Suzuki Motor Corp.*, 272 Ga. App. 319, 325 (2) (612 SE2d 546) (2005).

[8] (Punctuation omitted.) Id.

[9] *Fraker v. C. W. Matthews Contracting Co.*, 272 Ga. App. 807, 816 (4) (614 SE2d 94) (2005).

[10] See id.; *Smith v. Gordon,* 266 Ga. App. 814, 817 (2) (598 SE2d 92) (2004).

DECIDED MAY 15, 2007.

*Sidney L. Moore, Jr.*, for appellant.
*Sherwin P. Robin*, for appellee.