## A09A1107. ROSS v. THE STATE.

(680 SE2d 435)

ELLINGTON, Judge.

A Rockdale County jury found Claretha Ross guilty beyond a reasonable doubt of two counts of theft by deception, OCGA § 16-8-3, in connection with funds she withdrew from two accounts at the United Community Bank. Following the denial of her motion for new trial, Ross appeals, contending the trial court abused its discretion in admitting certain checks over her hearsay objection.[1] Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following facts. In April 2006, Ross opened two checking accounts at United Community Bank. One was in her name, designated "family reunion account"; the other was in the name of Ross and Ross Trucking ("R&R"). Within weeks of opening the accounts, Ross deposited the checks that are at issue in this appeal, two checks into the family reunion account and four into the R&R account. Two of the six checks were drawn on Ross's account at the Downey Savings Bank in California; three were drawn on a JP Morgan Chase Bank N.A. account; one was drawn on a U. S. Bank N.A. account (collectively, "the payor banks"). Within hours of depositing each check, Ross removed all or most of the funds from the account, either by issuing a check to an associate that the payee cashed or by purchasing a cashier's check made out to herself that she cashed at a different United Community Bank branch. Each of the six checks that are at issue in this case was returned by the payor bank for insufficient funds.

The State offered into evidence certified copies of the six checks,[3] including copies showing the payor banks' refusal to honor the

---

[1] "The admission of evidence lies within the sound discretion of the trial court, and we will not reverse such determinations absent abuse of that discretion." (Footnote omitted.) *Santana v. State*, 283 Ga. App. 696, 698 (1) (642 SE2d 390) (2007).

[2] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[3] Some of the exhibits were substitute checks. Pursuant to the federal "Check 21 Act,"

526

checks, in State's Exhibits 2, 3, 4, 5, 9, 10, 16, 17, 19, and 20. The trial court admitted the exhibits during the testimony given by United Community Bank's branch manager and assistant vice president, who was familiar with Ross's accounts as well as the bank's deposit procedures and records retention policy. The State did not call representatives of the payor banks to authenticate the checks.

Ross contends that United Community Bank did not "produce" the six checks at issue because the checks were drawn on accounts at other banks. It follows, Ross contends, that the State's failure to call representatives of the payor banks that created the checks resulted in a lack of the foundation required to admit State's Exhibits 2, 3, 4, 5, 9, 10, 16, 17, 19, and 20 under the business records exception to the hearsay rules, OCGA § 24-3-14. We disagree.

"Although hearsay evidence is generally inadmissible, OCGA § 24-3-14 provides an exception for the admission of business records that would otherwise be excluded as hearsay." (Punctuation and footnote omitted.) *Santana v. State*, 283 Ga. App. 696, 698 (1) (642 SE2d 390) (2007). OCGA § 24-3-14 (b) provides as follows:

> Any writing or record . . . made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.

The Code section is to "be liberally interpreted and applied," OCGA § 24-3-14 (d), and specifically provides that "[a]ll other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight; but they shall not affect its admissibility," OCGA § 24-3-14 (c).

> To introduce a writing under the business records exception to the hearsay rule, a witness must lay a foundation

---

any bank at any point in the check clearing process may truncate or remove the original paper check from the check clearing process and instead transmit an electronic image of the check through the process. When necessary, a bank may create a substitute check which, among other requirements, must be a paper reproduction of the original check that contains an image of the front and the back of the original paper check and which is the legal equivalent of the original check so long as it accurately represents all of the information on the front and back of the original check at the time of truncation. Andrea McGlinn, "Check Clearing for the 21st Century Act: The Impact on Consumers," 9 N. C. Banking Inst. 179 (April 2005).

indicating that he or she is aware of the method of keeping the documents. It is not required that the witness made the records or kept them under his or her supervision or control. Instead, the witness must be able to testify that the record was made (1) in the regular course of business, and (2) at the time of the event or within a reasonable time of the event. The witness's lack of personal knowledge regarding how the records were created does not render them inadmissible, but merely affects the weight given to the evidence.

(Punctuation and footnotes omitted.) *Santana v. State*, 283 Ga. App. at 698 (1). It is well established that a factual document may be admitted under the business records exception when an officer or employee of a business that *received, relied upon, and retained* the document in the regular course of its business testifies to that effect, despite the lack of testimony from a witness associated with the business that originally *created* the document.[4]

In this case, United Community Bank's branch manager testified that the bank received, relied upon, and retained the checks in the regular course of its business. After thoroughly reviewing the record, we conclude that the trial court did not abuse its discretion in admitting the exhibits under the business records exception to the hearsay rules. *Walter R. Thomas Assocs. v. Media Dynamite*, 284 Ga.

---

[4] *Walter R. Thomas Assocs. v. Media Dynamite*, 284 Ga. App. 413, 416 (1) (a) (643 SE2d 883) (2007) (the trial court properly admitted invoices for advertising time as business records of an advertising broker that in the regular course of its business received the invoices, used them to collect its commissions from its clients, and retained in its files, based on the testimony of the broker's president, despite the lack of testimony from a representative of the networks that aired the ads and created the documents); *Jackson v. State*, 209 Ga. App. 217, 218-219 (1) (433 SE2d 655) (1993) (the trial court properly admitted a mortgage application and related documents as business records of an intermediary mortgage purchaser that in the regular course of its business received the loan package, sold the loan to a secondary mortgagee, and retained the documents in its files, based on the testimony of an employee of the intermediary, despite the lack of testimony from a representative of the loan originator that created the documents), citing *Lewis v. United California Bank*, 240 Ga. 823, 824-825 (242 SE2d 581) (1978) ("Where routine, factual documents are made by one business, transmitted or delivered to a second business, and there entered or kept by the second business in the regular course of the business of the receiving business, they can become business records of the receiving business. Where the proper statutory foundation is laid they may be admitted in evidence as business records of the receiving business even though they were not initially prepared, made or produced by it. The test is not who made the original document constituting the event, act, transaction, or occurrence, but whether or not the document after it was made became a part of the business records of the person or firm having custody of the same.") (Bowles, J., concurring); *Moore v. State*, 154 Ga. App. 535, 540 (268 SE2d 706) (1980) (a document becomes a business record of a business that receives it only if it is a "routine factual document[ ] made by the first business and transmitted to the second business as part of a related or symbiotic business relationship — almost as if the two firms were headquarters and branch in the same large corporation — in which the business of the receiving firm relies upon [the record]") (emphasis omitted).

App. 413, 416 (1) (a) (643 SE2d 883) (2007); *Jackson v. State*, 209 Ga. App. 217, 218-219 (1) (433 SE2d 655) (1993).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 29, 2009 —
RECONSIDERATION DISMISSED JUNE 25, 2009 —

*Wystan B. Getz*, for appellant.

*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.