# Court of Appeals
# of the State of Georgia

ATLANTA,___March 23, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A0785.  CLARETHA ROSS v. THE STATE.**

Claretha Ross was convicted of theft by deception and sentenced as a recidivist to twenty years, to serve ten in prison and the remainder on probation. We affirmed her conviction and sentence. *Ross v. State*, 298 Ga. App. 525 (680 SE2d 435) (2009). Ross later filed a "Motion to Modify and Correct an Unlawful and Unconstitutionally Imposed Sentence." The trial court denied the motion, and Ross appealed. We dismissed the appeal, finding that Ross did not raise a valid void-sentence claim. *Ross v. State*, Case No. A14A0379 (dismissed Nov. 1, 2013). Ross subsequently filed another "Motion to Void Convictions and Sentence," arguing once again that her conviction is void and her sentence is unconstitutional. On October 21, 2014, the trial court denied this motion, and Ross filed a pro se notice of appeal from that order on November 24, 2014. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days after entry of the appealable order. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Ross filed her notice of appeal 34 days after entry of the trial court's order, her appeal is untimely.

Second, an appeal from an order denying or dismissing a challenge to an allegedly void conviction is subject to dismissal. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). A direct appeal may lie from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes a punishment that the law does not allow; assertions

taking issue with the procedure employed in imposing the sentence do not constitute colorable void-sentence claims. See *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010). Here, Ross does not allege any void sentence claim. As in her prior motion, she takes issue with the procedure employed in seeking recidivist punishment. Because Ross does not raise a valid void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____03/23/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*