# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0942.  CLARETHA ROSS v. THE STATE.**

In 2008, Claretha Ross was convicted of two counts of theft by deception and sentenced as a recidivist to twenty years, to serve ten in prison, consecutive to a sentence she was then currently serving for a crime committed in another county. Her conviction was affirmed on appeal. See *Ross v. State*, 298 Ga. App. 525 (680 SE2d 435) (2009). In April 2017, Ross filed a "motion to remove the consecutive treatment" of her sentence, arguing that her sentence was improperly made consecutive because the other crime could not be used to classify her as a recidivist. The trial court denied Ross's motion, and she filed a timely notice of appeal in the Supreme Court of Georgia, which transferred the case to this Court. See Case No. S18A0236 (transferred October 16, 2017).

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Georgia law "expressly permits the imposition of a consecutive sentence on a subsequent conviction." *Waye v. State*, 301 Ga. 469, 472 (III) (801 SE2d 818) (2017). See also OCGA § 17-10-10 (b); *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010) (holding that there is no constitutional right to concurrent, rather than consecutive,

sentences and that a trial court has discretion to impose consecutive or concurrent sentences as long as the sentence for each offense is within the statutory limits). As such, Ross has failed to state a valid void-sentence claim.

Moreover, Ross has previously filed two appeals arguing that her sentence is void, both of which have been dismissed. See Case Nos. A15A0785 (dismissed March 23, 2015), A14A0379 (dismissed November 1, 2013). "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our rulings in the prior cases act as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Ross is estopped from seeking further judicial review on the validity of her sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (holding that the law-of-the-case rule bars successive void sentence appeals).

For these reasons, this appeal is hereby DISMISSED. All pending motions are hereby DENIED AS MOOT.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __02/14/2018__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____ , *Clerk.*